(91 App. Div. 553.)

### In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 11, 1904.)

1. STREETS—CONDEMNATION—DAMAGES—PAYMENT—INTEREST—DEMAND.

Greater New York Charter (Laws 1901, p. 426, c. 466) § 1001, provides that all damages assessed by the commissioners of estimate and assessment in street opening proceedings, with interest thereon from the date of their report, shall be paid by the city, and that interest shall cease to run on sums awarded as damages six months after the date of confirmation of the commissioners' report, unless within that time demand therefor be made on the comptroller. *Held* that, where both benefits and damages were assessed on land affected by street opening proceedings, a demand by the owner for payment of the damages, which did not take into consideration the benefits assessed, as a set-off, was insufficient to continue interest on such damages after expiration of six months.

2. SAME—INTEREST ON BENEFITS.

Where both damages and benefits were assessed on real estate in street opening proceedings, and the city was liable for interest on the damages, interest should also be charged against the owner on the unpaid benefits.

Appeal from Special Term, Kings County.

Application by the city of New York to acquire title to Church avenue from Flatbush avenue to Brooklyn avenue, in the Twenty-Ninth Ward of the Borough of Brooklyn, city of New York. From a final order directing the payment of benefits to the Craigen Construction Company, the city appeals. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John P. Dunne, for appellant.

Clarence C. Ferris, for respondent Craigen Construction Company.

HOOKER, J. The final report of the commissioners of estimate and assessment in the proceeding to acquire Church avenue, in the borough of Brooklyn, dated the 20th day of April, 1903, was confirmed April 28, 1903, by an order of the Supreme Court, entered and filed in the office of the clerk of Kings with the said report, on the following day. In and by said report awards were made to the Craigen Construction Company in the sums of $2,711.59, $306.30, and $1,068.29 for damage to lots numbered 55, 57, and 58, respectively. In and by

said report benefit assessments were made upon the remainder of the Craigen Construction Company's land as follows: Assessments for $725.53, $205.18, $8.98, $341.97, and $687.01, upon benefit maps numbered 86, 87, 93, 94, and 96, respectively. On the 29th day of August, 1903, a demand was made in writing upon the comptroller of the city of New York, requiring him to make immediate payment of the awards set forth above, with interest thereon from the 20th day of April, 1903, the date of the report of the commissioners of estimate and assessment. In that demand no reference whatever was made to that portion of the report dealing with the benefits and assessments upon the remainder of the lands of the defendant. On the 9th day of November, 1903, a motion was made by the construction company for an order directing that the comptroller pay the aggregate of the awards, with interest from the date of the report to the time of the final payment, and that he receive the amount of the benefit assessments without any interest charge thereon. This motion resulted in the order appealed from, which directed the comptroller to pay the amount of the damage awards, with interest from the date of the report of the commissioners to the time of payment, less the assessments, "without any charge for penalty interest thereon." The order provided further that the comptroller might deduct any further money due by the company for taxes, said assessments and water rates, on any of the lands on which said damage parcels form the whole or any part. The city has appealed to this court, and urges the points, first, that under the provisions of section 1001 of the charter of the city of New York the Craigen Construction Company is not entitled to interest on the awards for a longer period than six months from the date of the report of the commissioners; and, second, that the company should not be relieved from all payment of interest upon the benefit assessments.

Section 1001 of the charter of the city of New York (page 426, c. 466, Laws 1901) provides, as far as is material to this question, as follows:

"All damages awarded by the commissioners of estimate and assessment, with interest thereon from the date of said report, and all costs and expenses which may be taxed, shall be paid by the city of New York to the respective persons and bodies politic or corporate mentioned or referred to in said report, or in whose favor such costs or expenses shall be taxed. Interest shall cease to run on sums awarded as damages six months after the date of the confirmation of said report unless within that time demand therefor be made upon the comptroller."

It is clear, therefore, that unless a proper demand was made upon the comptroller of the city of New York, as required by the foregoing section, before the expiration of six months of the date of the confirmation of the report, interest must cease to run upon the damage awards therein after six months had expired. The demand made by the Craigen Company was not, under the authority of the cases, sufficient to keep the interest running against the city on the sums awarded as damages after the expiration of six months immediately ensuing upon the confirmation of the report. It was held in Cutter v. The Mayor, etc., of N. Y., 92 N. Y. 166, 169, that "where, however, a demand is necessary as a foundation for a claim of interest, it must be a distinct demand for the sum of money to which the party is then entitled. It is not enough that by some change in circumstance, brought about by

his own act or the act of others, he may become entitled to it. Here the demand included more than the plaintiffs could justly claim, for until discharged of record the amount of the mortgage debt was to be withheld." See, also, Carpenter v. City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633; Fredricks v. City of New York, 44 App. Div. 274, 60 N. Y. Supp. 724. In a case of this sort interest is in the nature of a penalty or for damages for withholding payment (Cutter v. Mayor, supra; Matter of the City of New York, Montgomery Street [decided by this court 'March 4, 1904] 86 N. Y. Supp. 1075), and unless the demand is such that the city may safely rely upon it in making payment it does not avail the demandant to start interest running (Fredricks v. City of New York, supra). The demand of the Craigen Construction Company in the case at bar was, under this rule, insufficient, for it "included more than the plaintiffs could justly claim" (Cutter v. Mayor, supra), in that a large amount of benefit assessments, a proper offset against the amount awarded as damages, was not by the company taken into account in its demand.

It is perhaps not clear whether the order appealed from intends to relieve the Craigen Construction Company from the payment of all interest upon the benefit assessments against it or not; the language of the order is that the damages shall be paid, less the amount of the assessments, "without any charge for penalty interest thereon." If this language is meant to indicate that the construction company is to be relieved from the payment of any other than the lawful interest of 6 per cent. upon the benefits, the order is correct; but if it means to relieve it from the payment of any interest it cannot be so characterized, for the city cannot, under principles of justice or under any provisions of the charter, be compelled to pay interest upon moneys due the company for the damages, and the property owner be relieved from the payment of interest upon the assessments.

The order should be modified by directing that the damages awarded by the commissioners be paid, with interest for six months after the date of the confirmation of the report, less the assessments, with interest at the lawful rate of 6 per cent. from the time interest accrued thereon until the expiration of six months after the confirmation of the report; or, which accomplishes the same result, that the amount charged against the company for assessments be credited upon the award as damages as of the time when it was due, and interest run on the balance of the award for damages in favor of the construction company until the expiration of six months after the confirmation of the report; and as thus modified the order should be affirmed, without costs. All concur.