## In re BANKERS' INVESTING CO.

(Supreme Court, Appellate Division, First Department. December 9, 1910.)

1. MUNICIPAL CORPORATIONS (§ 518*)— STREETS—DAMAGES — BENEFITS—SET-OFF.

Greater New York Charter (Laws 1901, c. 466) § 1007, provides that whenever an estimate for loss and damage and an assessment for benefit shall be made by the commissioners of estimate and by the commissioner of assessment, relative to the same person or persons, no interest shall be demanded from such person or persons on the amount assessed for the benefit and advantage, except on the excess of the amount he is to pay above the amount he is to receive, in consequence of any intervening time between the period fixed for the receipt of the amount of benefit and for the payment of the damage. *Held*, that by such section the Legislature intended that the owner of lands assessed for less than the aggregate of awards made to him should have the benefit of the application of the award in extinguishment or reduction of the assessment, and hence the section was applicable to a case where the aggregate of the assessments was less than the aggregate of the awards, and was not limited to cases where the awards were less than the assessments.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1218, 1219; Dec. Dig. § 518.*]

2. MUNICIPAL CORPORATIONS (§ 518*) — STREET IMPROVEMENTS — AWARD OF DAMAGES—ASSESSMENT OF BENEFITS — DISCRETION OF OFFICER—OWNERSHIP—MISTAKE.

The Legislature by such section did not intend to vest any discretion in the assessing officer with respect to the designation of owners of parcels assessed for benefits, or in the officer authorized to collect the assessments, to give one owner the benefit of the provision and to withhold such benefit from another, and, hence, where it appeared that certain assessments for benefits erroneously stated to be against land of others were in fact against lands of the petitioner, to whom an award was made, it was the court's duty to require the officer authorized to collect the assessment to give petitioner the benefit of such provision in the same manner as if the name of the owner had been correctly given in the assessment for benefits.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1218, 1219; Dec. Dig. § 518.*]

---

3. EMINENT DOMAIN (§ 145*)—AWARD OF DAMAGES—DEDUCTION OF BENEFITS.

On an application to compel the payment of an award for land taken or damaged by a street improvement, as authorized by Greater New York Charter (Laws 1901, c. 466) § 1001, the court determines the amount of the award to which petitioner is entitled after deducting all assessments and other charges subject to which the award is made, and requires payment of the balance.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. § 145.*]

4. STATUTES (§ 11*)—INADVERTENT ENACTMENT—EFFECT.

Greater New York Charter (Laws 1901, c. 466) § 1007, providing that where an award of damages is made to a landowner, as well as an assessment for benefits in street improvement proceedings, interest shall be demanded only on the amount assessed for benefits in excess of the amount of damages, was not objectionable as having been enacted through inadvertence, and for that reason inoperative.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 8; Dec. Dig. § 11.*]

5. MUNICIPAL CORPORATIONS (§ 518*)—EMINENT DOMAIN (§ 247*)—STREET IMPROVEMENTS—DAMAGES AND BENEFITS—SET-OFF—INTEREST—STATUTES.

Greater New York Charter (Laws 1901, c. 466) § 1007, provides that, whenever an award for damage and an assessment for benefits shall be made to the same person, no interest shall be demanded on the amount assessed for the benefit, except on the excess over the amount to be paid as damages, for any intervening time between the period fixed for the receipt of benefits and for the payment of the damage. *Held*, that the primary purpose of the section was not to equalize the interest on assessments and on awards, but rather to relieve the person assessed to whom an award was made of the necessity of using other funds to pay the assessment, to the extent that the award would pay the same, and to entitle such one to the benefit of his award in extinguishment or reduction of his assessment, as of the date the assessment was levied or would otherwise have drawn interest, making him liable in the one case only for interest on the surplus of the assessment over the award, and receiving in the other case the surplus of the award over the assessment and interest from the time the award was entitled to interest.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1218, 1219; Dec. Dig. § 518;* Eminent Domain, Cent. Dig. §§ 638–643; Dec. Dig. § 247.*]

6. EMINENT DOMAIN (§ 247*)—SET-OFF OF AWARDS—INTEREST.

Petitioner made a demand for payment of an award in street opening proceedings, together with lawful interest thereon, less any and all taxes and assessments or other incumbrances now a legal lien thereon. *Held*, that such demand was too general to put the comptroller in default, and to continue interest on the awards after the expiration of six months from the date of the confirmation thereof.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 640; Dec. Dig. § 247.*]

7. EMINENT DOMAIN (§ 247*)—STREET IMPROVEMENTS—AWARDS—RIGHT TO INTEREST.

Where a landowner to whom an award has been made in street opening proceedings makes a demand on the comptroller for payment thereof, the burden is on him in order to put the comptroller in default so as to continue interest after the expiration of six months to present evidence to the comptroller showing the amount of the liens for taxes, as-

sessments, and other incumbrances on the land taken for which th> award is made.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 640; Dec. Dig. § 247.*]

Appeal from Special Term, New York County.

Application by the Bankers' Investment Company for peremptory mandamus against William A. Prendergast and others. From an order granting a peremptory writ requiring defendants to apply awards for damage to certain parcels of land, Nos. 2 and 8, in proceedings for the opening of Thayer and Arden streets from Broadway to Nagle avenue in the Twelfth ward, in the borough of Manhattan, New York, to the payment of certain assessments for benefit against lands of petitioner, they appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Joel J. Squier (George E. Draper, on the brief), for appellants.
Benjamin Trapnell (Joseph A. Flannery, on the brief), for respondent.

LAUGHLIN, J. In the condemnation proceeding to which this application relates, the commissioners of estimate made an award to the petitioner, the Bankers' Investing Company, of $24,227.50 for damage parcel No. 2, and of $54,760 for damage parcel No. 8, and the commissioner of assessment made assessments for benefits on two parcels of land in the name of the petitioner aggregating $24,428.10. It is conceded that at the time the awards and assessments were made the petitioner owned eight other parcels upon which assessments for benefits were made, but in such assessments the ownership of said eight other parcels was erroneously stated to be in others. The total amount of the assessments for benefits on the ten parcels owned by the petitioner was $76,591.18, which is less than the total amount of the awards.

The appellants by this appeal present many questions which one would suppose must have been frequently adjudicated by the courts, but no decisions are cited in which they are expressly considered, and therefore our views thereon should be finally stated.

The appellants contend that, since the aggregate of the assessments on lands of the petitioner is less than the aggregate of the awards made to it, the petitioner is not entitled to the benefit of the provisions of section 1007 of the Greater New York charter (Laws 1901, c. 466), which the appellants claim were exclusively intended for cases where the awards are less than the assessments. That section is as follows:

"Whenever an estimate for loss and damage, and an assessment for benefit and advantage shall be made by the commissioners of estimate and by the commissioner of assessment relative to the same person or persons, no interest shall be demanded from such person or persons, upon the amount assessed for the benefit and advantage, except on the excess of the amount he is to pay over and above the amount he is to receive for or in consequence of any intervening time between the period fixed for the receipt of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amount of benefit and advantage and for the payments of the amount of loss and damage."

The theory of the appellants is that the phraseology of the section indicates that its provisions were intended to be limited to cases where there is an excess of the assessments over the awards. There could be no object in thus limiting the scope of the statute. Although the statute does not in terms provide that awards shall be set off against assessments for benefits made against property owned by the same parties, it has been in effect so construed by the courts in order to give it practical effect without working an injustice to the city or to the property owner. Matter of City of N. Y. (Church Avenue) 91 App. Div. 553, 87 N. Y. Supp. 123. In Matter of City of N. Y. (Church Avenue) supra, it was held by the learned Appellate Division in the Second Department that an owner whose lands are assessed for benefits is only entitled to payment of the excess of his award over the assessment, and, if in his demand for payment of the award made pursuant to the provisions of said section 1001 of the charter in order to continue interest on it after the expiration of six months from the time of its confirmation, he fails to state that there has been an assessment against his lands for benefits, the demand, being on that account for more than he is entitled to, is insufficient to continue interest on the award after the expiration of the six months. It is perfectly plain, I think, that the Legislature intended that the owner in such case is to be given the benefit of the application of the award in extinguishment of or reduction of the assessment for benefits.

It is further contended in behalf of the appellants that the provisions of this statute are to be construed literally, and that the petitioner is only entitled to the benefits thereof with respect to the two parcels shown by the assessments for benefits to be owned by it. If authority were conferred and the duty devolved on the commissioners of estimate or on the commissioner of assessment to make the offset, it may be that the court could not directly perform that duty, and that the remedy of a party aggrieved would be to have it performed by the official. It will be observed, however, that the statute in question relates by its express provisions to interest on the assessments, and it is directed to the official who has authority to collect the assessment, and who has no authority with respect either to making the awards or to making the assessments. The purpose of the statute manifestly was to give the owner part of whose land is taken and whose remaining lands are assessed the benefit of the application of the award in extinguishment or in reduction of the assessment. There is no ground for inferring that the Legislature intended to vest any discretion in the assessing officer with respect to the designation of the owners of parcels assessed for benefits or in the officer authorized to collect assessments to give one owner the benefit of the provision and to withhold such benefit from another. Therefore, where it appears, as is shown by the stipulation in this proceeding, that certain assessments for benefits erroneously stated to be against lands of others were in fact against lands of the petitioner to whom an award was made, it is the duty of the court to require the official who is authorized to collect

the assessment to give it the benefit of these statutory provisions in precisely the same manner as if the name of the owner had been correctly given in the assessment for benefits. On an application to compel the payment of an award pursuant to the provisions of said section 1001 of the charter, the court determines the amount of the award to which the petitioner is entitled after deducting all assessments and other charges subject to which the award is made, and requires that payment of such balance be made. Matter City of N. Y. (Church Ave.), supra.

Counsel for the appellants also contend that said section 1007 of the Greater New York charter was enacted through inadvertence, and is therefore inoperative. It was incorporated in the Greater New York charter in 1897, and is a re-enactment without change of section 999 of the consolidation act. Laws 1882, c. 410. It appears that these statutory provisions had their origin in section 8 of chapter 209 of the Laws of 1839, which provided as follows:

"Whenever an estimate and assessment for loss and damage, and for benefit and advantage shall be made by the said commissioners relative to the same person or persons, no interest shall be demanded from such person or persons, upon the amount assessed for benefit and advantage, except on the excess of the amount he is to pay over, and above the amount he is to receive for, or in consequence of any intervening time between the period fixed for the receipt of the amount of benefit and advantage, and the payment of the amount of loss and damage."

The only change material to the question now under consideration that has been made in all that time is the omission of two commas, and a change rendered necessary when the original law, which provided that awards for damages and assessments for benefits should be made by the same commissioners, was changed. See chapter 658, § 30, Laws 1906. This last change was effected by substituting the words, "by the commissioners of estimate and by the commissioners of assessments," in place of the words, "by said commissioners." When this provision was originally enacted in 1839, assessments for benefits drew no interest until 30 days after the confirmation of the commissioners' report (section 186, c. 86, 2 Rev. Laws 1813, p. 420), and awards did not draw interest for four months after the confirmation of the report, but after four months the person to whom an award was made was authorized to bring an action to recover the amount and interest after demanding payment. Section 183, c. 86, p. 418, 2 Rev. Laws 1813. The theory of the learned counsel for the appellants is that the purpose of the statute originally was to protect the person in whose favor an award was made against having interest run on his assessment for benefits during the time the city was not required to pay interest on the award, and that the present statute is to be construed in the light of the object of the original statute in question.

Awards are now payable with interest, not from a period after the confirmation of the report or even from the time the report is confirmed, but from a date anterior to that, namely, the date of filing the report. It is on this account contended that the original purpose of the statute no longer exists, and therefore it should be deemed to

have been enacted inadvertently and to be no longer operative. By the provisions of section 1005 of the Greater New York charter, assessments for benefits may be paid without interest within 60 days after they are entered in the record of titles of assessment in the bureau for the collection of assessments and arrears of taxes and assessments in the comptroller's office; and section 1006 of said charter provides that, if the assessment be not paid within 60 days, it shall draw interest at the rate of 7 per cent. per annum from the date when the assessment became a lien, which by the provisions of section 159 is 10 days after said entry. Said section 1001 of the charter provides that awards shall bear interest from the date of the report, but that interest shall cease to run six months after the confirmation of the report, unless the owner files a demand for the payment of the award within said six months. It also contains a provision terminating the running of interest by payment of the award into court within a year, which is not in question here. It further provides, in effect, that awards must be paid within 30 days after the confirmation of the report, for it authorizes the court to direct their payment on the application of any person in whose favor an award is made, and whose demand for payment thereof within 30 days has not been complied with by the comptroller. The argument of counsel for appellants depends upon whether the construction of the original statutory provision for which they contend is correct. Their theory is that the statute, from which said section 1007 has been derived, originally had reference only to and now relates to the time intervening between the date when under the law the assessment for benefits was payable and the date prscribed by law for the payment of the award. Originally, as has been seen, there was intervening time between those dates. It is claimed that there is not now, for the reason that payment of the award may be enforced before interest runs on the assessment. The statute as it was originally enacted and as it now stands, construed literally, prohibits requiring payment of interest on an assessment for benefits against lands of a person to whom an award is made to the extent of the award if that be less than the assessment, and on the entire assessment if the award be equal to or greater than it, until the time of the actual payment of the award by the city.

No authority has been cited construing the statute in this regard, nor has the practical construction been shown or even stated nor may we take judicial notice thereof. The construction for which counsel for appellants contend required that the statute be construed as if the words, "period fixed for," which now relate only to the period for the payment of the assessment, were repeated before the word "payments," relating to the payment of the awards. That would make it clearly appear that the Legislature intended to stop interest on such assessments only until the owner would have a cause of action for his award. In that event, the city might have refrained from paying the award. It would only have incurred the costs of litigation which it might have defended for years, and it would be only liable on the award for the legal rate of interest, while the assessment, if not paid by the owner by the use of other funds, could have been at the expira-

tion of the four months forthwith enforced by distress and sale or action with interest, costs, and expenses.   Section 186, Rev. Laws 1813.   It was intended, I think, that the party in whose favor an award was made should have the benefit of the application of his award in extinguishment or reduction of the assessment as of the date the assessment was levied, or would otherwise have drawn interest, so that he would in the one case be liable only for interest on the surplus of the assessment over the award, and would receive in the other case the surplus of the award over the assessment and interest from the time the award draws interest.   The primary purpose of the statute was not, I think, to equalize the interest on assessments and on awards, but rather to relieve the party assessed to whom an award was made of the necessity of using other funds to pay the assessment to the extent that the award would pay the same.   The city could always protect itself against having to pay interest on an award, and being deprived of the right to collect interest on an assessment by paying the award or rendering payment thereof, which would stop the running of interest thereon.   The learned Appellate Division in the Second Department in the case of Matter of City of N. Y. (Church Ave.), supra, gave a very liberal interpretation of these statutory provisions in favor of the city by construing the statute as one for offsetting awards against assessments as of the date when the assessment was levied, and thereby limiting the liability of the city to the payment of interest on the balance of the award, if any, from that date.   That construction produces a just result, and should be accepted.   The learned counsel for the appellants insist, in effect, that there is no authority in these statutory provisions for canceling interest after it has been allowed to accrue on an assessment for benefits, and that, therefore, the city was entitled to 7 per cent. interest on all of these assessments to the date of payment, and obligated to pay only 6 per cent. on the awards.   If that construction were to obtain, then the provisions of said section 1007 of the charter would be limited to cases in which the assessments are paid before any interest accrues thereon.   Manifestly such a construction would give no force and effect to some of the material provisions of the section.   It is quite clear that, where the Legislature commands that no interest shall be demanded from a person to whom an award is made and whose lands are assessed for benefits in a certain event, it has reference to a case in which otherwise interest could be lawfully demanded.

It is further contended in behalf of the appellants that the award of interest on the balance over and above the assessments from the date when the appropriate entry required by law with respect to assessments was entered in the comptroller's office to the date of payment is erroneous, in that interest should only have been awarded to May 5, 1910, at which the comptroller was ready to pay the awards.   The report of the commissioners was filed on the 24th day of May, 1909, and it was confirmed on the 17th day of November thereafter.   The assessment was entered in the appropriate records in the comptroller's office on the 10th day of December, 1909.

It is stated in an affidavit made by a bookkeeper in the Department of finance that the comptroller has been ready and willing to pay the awards with interest therein since the 5th day of May, 1910, and that on the 2d day of May, 1910, a notice "that the comptroller was ready to pay was mailed to Mr. Flannery." The contents of the notice are not set forth; nor does it appear who the person to whom the notice was mailed was other than by inference from the fact that on the 19th day of February, 1910, the petitioner by Joseph A. Flannery, its attorney, had demanded payment of one of the awards. Moreover, it is not shown how the notice was addressed. It does appear that there was a controversy between the parties with respect to the right of the petitioner to have the awards offset against all of the assessments, and that the comptroller took the position that it was only entitled to an offset as to the two assessments. The facts do not present for decision the question as to whether notice duly given by the comptroller to a party in whose favor an award is made of his readiness to pay the award would impose the duty on the person in whose favor the award is made calling to receive the same and would stop interest; for, in the case at bar, it cannot be said that the notice claimed to have been given by the comptroller would in any event, in view of the circumstance that negotiations were pending on the petitioner's demand for payment of the award and the comptroller was evidently erroneously insisting upon collecting interest on the eight assessments for benefits.

This point is not very material, however, for we are of opinion that the petitioner did not make a sufficient demand to continue interest on the awards after the expiration of six months from the date of the confirmation thereof, which would be May 17, 1910. The question as to whether the notice by the comptroller was sufficient to stop the payment of interest would therefore only affect interest for a period of twelve days, and the amount would be little more than nominal. It appears by the affidavit read in opposition to the motion that the awards were made subject to the payment of certain mortgages, that the amount due on the mortgages was not stated. There is proof that a demand was made upon the comptroller for the payment of the larger of the two awards within six months, but there is no evidence that any demand was made for the payment of the other award. The demand for the payment of the award was for the entire amount of the award "together with lawful interest thereon, less any and all taxes and assessments or other incumbrances now a legal lien on said award." The comptroller could not be put in default so as to continue the petitioner's right to interest after the expiration of six months by a demand so general as this. It was the duty of the petitioner to present evidence to the comptroller showing the amount of the liens for taxes, assessments, and other incumbrances. Moreover, the notice failed to draw attention to the fact that there were assessments for benefits against the lands of the petitioner which were deductible from the award, and for that reason, as well as on account of its indefiniteness, it was insufficient to continue the running of interest on the award after the expiration of six months.

from the date of its confirmation. Matter of City of N. Y. (Church Avenue), supra.

We are of opinion, therefore, that the order granting a peremptory writ of mandamus should be modified with respect to the interest on the excess of the awards over the assessments by requiring payment of interest thereon from December 10, 1909, to the 17th day of May, 1910, only, and, as so modified, affirmed without costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. SCOTT, J., concurs in result.