## In re UNNAMED STREET IN CITY OF NEW YORK.

### In re FISCHER et al.

(Supreme Court, Appellate Division, First Department.    March 8, 1912.)

EMINENT DOMAIN (§ 247*)—STREETS—DAMAGES AND ASSESSMENTS—INTEREST—
    STATUTES.

   Under Greater New York charter (Laws 1901, c. 466) § 1007, relative to
opening streets, providing that, when an award for damages and an as-
sessment for benefits shall be made to the same person, no interest shall
be demanded from him on the amount assessed for benefits, except on the
excess of the assessment over the award, for any period intervening the
time fixed for payment of the assessment and that for payment of the
award, one whose assessment exceeds his award is not entitled to interest
on the award after the assessment becomes payable; he being entitled
to extinguish, without interest, the assessment to the extent of the award,
by application of the award, and it being contemplated that such appli-
cation shall be made when the assessment becomes payable, and it mak-
ing no difference that, instead of so applying the award, he voluntarily
pays the entire assessment in cash.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 638–
643, 648–651, 654, 655; Dec. Dig. § 247.*]

Appeal from Special Term, New York County.

Mandamus by William H. Fischer and others, executors, against
the Comptroller of the City of New York, to compel payment with
interest of the amount of an award for damages in a proceeding by
the City of New York to acquire title to land for street purposes.
From an order granting a peremptory writ, the Comptroller appeals.
Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and MILLER, JJ.

Joel J. Squier, for appellant.
Benjamin Trapnell, for respondents.

McLAUGHLIN, J.   The city of New York, in the above proceed-
ing, acquired title on June 1, 1906, to certain lands for street pur-
poses, and on October 5, 1910, the commissioners of estimate and
assessment filed their report which awarded the respondents $21,300,
as damages for land taken, and $5,552.20, the interest thereon from
the date the title vested in the city to the date of the report, amounting
in all to $26,852.20.   An assessment was imposed of $37,260.72 for
benefits upon other lands of the respondents lying contiguous to that
taken.   On January 5, 1911, the report was confirmed by an order
of the Supreme Court, and on January 10th the assessment for bene-
fits became payable.   On the 31st of January the respondents de-
manded payment of the award for damages, with interest thereon to
date of payment, less liens thereon, by taxes, assessments, or incum-
brances, and on the 11th of March following—the award for dam-
ages not having been paid in the meantime—they paid the assessment
for benefits without interest and without deducting therefrom the
award for damages.   A few days later the Comptroller offered to

pay them the award for damages, with interest to January 10, 1911, the day when the assessment became payable. This they refused to accept, claiming they were entitled to interest to the date of payment. The Comptroller declined to pay interest after January 10th, and they thereupon applied to the court for a peremptory writ of mandamus to compel him to pay the amount of the award, together with interest thereon to the date of payment. The application resulted in an order directing that the writ issue, and the Comptroller appeals.

The sole question presented is whether, the assessment for benefits being in excess of the award for damages, the respondents were entitled to interest on the award after the assessment for benefits became payable. The answer to the question turns upon the construction to be put upon section 1007 of the Greater New York Charter, which provides that:

"Whenever an estimate for loss and damage and an assessment for benefit and advantage shall be made by the commissioners of estimate and by the commissioner of assessment, relative to the same person or persons, no interest shall be demanded from such person or persons upon the amount assessed for the benefit and advantage except on the excess of the amount he is to pay over and above the amount he is to receive for or in consequence of any intervening time between the period fixed for the receipt of the amount of benefit and advantage and the payments of the amount of loss and damage."

This section specifically confers upon the landowner the right to extinguish, without interest, an assessment for benefits to the extent that an award has been made for damages; in other words, the section contemplates that there shall be, without action upon the part of the landowner, an application of the award for damages towards the payment of the assessment for benefits, and that this application shall be made as of the date when the assessment becomes payable—that one shall be offset against the other.

In Matter of City of New York, 91 App. Div. 553, 87 N. Y. Supp. 123, the court held that, where a demand was served on the Comptroller for payment of an award, it was insufficient to continue the interest running after the expiration of 60 days from the confirmation of the report (pursuant to section 1001 of the Greater New York Charter [Laws 1901, c. 466]) because it did not make allowance for an assessment against the claimant for benefits. The court said that the assessment was "a proper offset against the amount awarded as damages." .

This court, in Matter of Bankers' Investing Co., 141 App. Div. 591, 126 N. Y. Supp. 241, referring to the case just cited, said:

"The learned Appellate Division in the Second Department, in the case of Matter of City of New York (Church Avenue) supra, gave a very liberal interpretation of these statutory provisions in favor of the city by construing the statute as one for offsetting awards against assessments as of the date when the assessment was levied, and thereby limiting the liability of the city to the payment of interest on the balance of the award, if any, from that date. That construction produces a just result and should be accepted."

Matter of Fourteenth Street (Steinway v. Prendergast) 142 App. Div. 905, 126 N. Y. Supp. 1132, was affirmed upon the authority of Matter of Bankers' Investing Co., supra; the court saying:

"We intend hereby to decide that the amount of the assessments, without interest, should be offset against the amount which was due for award on the date when the assessments became payable."

Here, the assessment for benefits, amounting to $37,260.72, became payable on the 10th of January, 1911, and there was then due the respondents, as an award for damages, including interest to that time, $27,237.25, which latter sum, if the foregoing views be correct, should have been, and in legal effect was, offset against the former. This left due the city on the assessment for benefits, $10,023.47; that is, the excess of the assessment for benefits over the award for damages. The Comptroller, therefore, was justified in refusing to pay interest after that time.

Nor do I think the fact that the respondents, after the refusal of the Comptroller to comply with their demand as to the payment of interest, voluntarily paid the entire assessment for benefits, in any respect changed the legal relation of the parties. When they paid the assessment, they knew the award was deducible therefrom. They could not, by a voluntary payment, impose a legal obligation upon the city to pay interest on the award any more than an acceptance of the payment of the assessment by an official of the city could do so. It was an ingenious attempt, inasmuch as the assessment could be paid without interest, to obtain interest on the award; but a legal liability upon a municipal corporation cannot be imposed in this way.

My conclusion, therefore, is that the parties should be placed in precisely the same position that they would have been had the respondents paid their assessment as of the date when it became payable, less the amount of the award, and interest thereon to that time. If this be done, then it follows, the respondents having paid the entire assessment, that the order appealed from should be modified by striking out the provision as to the payment of $50 costs and directing the Comptroller to pay the amount of the award, with interest thereon to January 10, 1911, viz., $27,237.25, and as thus modified the same should be affirmed, with $10 costs and disbursements to the appellant. All concur.