(96 Misc. Rep. 32)

## In re JONES.

(Supreme Court, Special Term, Kings County. June Term, 1916.)

1. EMINENT DOMAIN ⚯⟹154—COMPENSATION—PERSONS ENTITLED.
　　　Where a city by proceedings became vested with title to the portion of a lot of land in the street, and later a mortgage was foreclosed and the property sold, the purchaser at the sale did not obtain any title to that portion of the property in the street which had been covered by the mortgage, nor have any claim or right to the award, to which the former owner was entitled.
　　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 417–420; Dec. Dig. ⚯⟹154.]

2. EMINENT DOMAIN ⚯⟹154—COMPENSATION—PERSONS ENTITLED.
　　　Under Civ. Code, § 1676, providing that upon foreclosure sale, assessments, taxes, etc., liens on the property are deemed expenses of the sale, obligating the purchaser to pay the assessment and take the property subject to it, and giving the city a lien on the property for that amount,

⚯⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which is deducted from the purchase price, a purchaser at a foreclosure sale after an assessment for betterments had been made is in same position as if he had owned the property when the assessment was made, and the former owner, having lost title to property by a judgment of the court, has in effect paid the assessment and is entitled to the full amount of the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 417–420; Dec. Dig. ☞154.]

3. MUNICIPAL CORPORATIONS ☞518(1)—CHARTER—CONSTRUCTION.

Greater New York Charter (Laws 1901, c. 466) § 1007, touching interest on awards and assessments where set off against awards, where both relate to the same person, although it may give the city right to set off an assessment against an award, does not apply to an award and assessment of property, as between purchaser at foreclosure sale and former owner of the property.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1218; Dec. Dig. ☞518(1).]

Application of Mabel Jones for the payment of an award, etc., in proceedings to open West Eleventh Street and West Twelfth Street, in the Borough of Brooklyn, etc. Motion to confirm referee's report in the proceedings to obtain the award granted.

Merle I. St. John, of New York City, for petitioner.

Lamar Hardy, Corp. Counsel, of New York City (Andrew C. Troy and Paul Jones, both of New York City, of counsel), for comptroller.

CROPSEY, J. Here is an application to confirm the report of a referee in a proceeding to obtain an award. On the call of the motion calendar it was announced that there was no opposition to the motion. Proposed orders, however, have been submitted by both sides, which differ in a very radical respect. The city claims that from the award should be deducted the amount of the assessment on the abutting property. Petitioner claims to be entitled to the award without regard to the assessment. The proof taken before the referee indicates that the petitioner's claim was also made there, and the report of the referee found that the petitioner was entitled to a specified portion of the award with interest. There was no finding that the amount of the assessment should be deducted. Thus, if there is no opposition to the confirmation of the report, it must follow that the petitioner is entitled to that portion of the award, and that the city is not entitled to deduct from it the amount of the assessment.

[1] However, with the possibility of some misunderstanding with reference to not opposing the motion, the matter will be considered as though there was opposition. At a time prior to the vesting in the city of title to the land in the street in question, the plaintiff owned a piece of property of which a portion was in the line of the street. At that time the whole property was subject to a mortgage. Then the city by proceedings became vested with the title to the land in the street, and later the report of the commissioners was confirmed. Still later the mortgage referred to was foreclosed and the property was sold under the judgment. The amount realized being sufficient to pay all demands, there was no deficiency judgment. As the title

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the land in the street had vested in the city before the foreclosure sale, the purchaser under that sale, of course, did not obtain any title to that portion of the property, which had been covered by the mortgage. Nor did such purchaser have any claim or right to the award. The petitioner, being owner of the property at the time title vested in the city, became entitled to the award. This is not disputed.

[2, 3] There is nothing to show that the assessment has not in fact been paid. If the usual judgment had been entered in the foreclosure action, the assessment would have been paid, for that is one of the directions to the referee usually contained in such judgments. Section 1676, Civil Code. On the other hand, if the court gave other directions in the judgment, as the section referred to permits, the assessment may not have been paid, but in that event the purchaser must have taken the property subject to it. The memorandum submitted states the latter to be the fact. The result is that the purchaser is obligated to pay the assessment and that the city has a lien on the property for the amount. If the petitioner is compelled to pay the assessment in order to obtain the award which belongs to her, she in effect will then pay the assessment twice, for as far as she was concerned it was paid when the property was sold under the judgment of foreclosure, as the amount of the assessment was deducted from the purchase price. Had it not been so deducted, the amount of the surplus which belonged to the petitioner would have been that much greater.

Moreover, if the petitioner must now pay the assessment again, the purchaser is relieved from paying it and the property is free of the lien. Such a result would be most inequitable and unjust, and should not be brought about unless clearly required by the law. If it is not required, the city will not be prejudiced, for it will still have its lien on the property for the amount of the assessment, and as that amount represented the "benefit" which the property was supposed to receive from the opening proceedings, the value of the property must be considerably more. But there is no requirement of law which calls for enforcing such an unjust result. In fact there is no direct provision of law which permits the city in any case, against the opposition of the property owner, to offset against the award the amount of the assessment. Section 1007 of the charter contains the only provision relating to this matter, but that merely deals with the question of interest on the awards and the assessments when the latter are set off against the former. There is nothing in this section which permits the city to make such an offset.

It is true that the court said, in Matter of Bankers' Investing Co., 141 App. Div. 593, 126 N. Y. Supp. 241, that the courts had so construed this section of the charter, but the case cited in support of that statement (Matter of City of N. Y., Church Ave., 91 App. Div. 553, 87 N. Y. Supp. 123) does not support 'it. The latter case involved only the question of interest. No question of the right of the city to set off an assessment against an award was involved or discussed. The opinion shows that the motion involved merely the question of interest, for it recognized that the city was to retain the amount of

the assessment. The only cases cited by the corporation counsel in support of his contention in the case at bar are those in which the question was merely one of interest. None of them involved the right of the city to set off the amount of the assessment against the award. See Matter of City of N. Y., Church Ave., 91 App. Div. 553, 87 N. Y. Supp. 123; Matter of Bankers' Investing Co., 141 App. Div. 591, 126 N. Y. Supp. 241; Matter of Jackson, Steinway Co., 142 App. Div. 905, 126 N. Y. Supp. 1132.

Even if the charter provision referred to be held to give the city the right of offset, that right does not exist under the facts as here presented. In Matter of Bankers' Investing Co., 141 App. Div. 591, at page 593, 126 N. Y. Supp. 241, in which, as has been pointed out above, it is claimed that the courts have construed the charter provision to give the city this right, it is said that it is "so construed by the courts in order to give it practical effect without working an injustice to the city or to the property owner." Certainly in this case it could not be given that effect without doing a grave injustice to the property owner. Furthermore, this case does not come within the terms of the charter provision, for the award and the assessment do not affect the same person. The charter provision applies only where they both relate "to the same person." Under the foreclosure sale the purchaser of the abutting property got all the title to it which the mortgagor and the mortgagee had at the time the mortgage was made. Section 1632, Civil Code; Rector, etc., Christ P. E. Church v. Mack, 93 N. Y. 488, 492, 45 Am. Rep. 260; East N. Y. Refrigerator & Wood Working Co. v. Halpern, 140 App. Div. 201, 202, 125 N. Y. Supp. 111.

Having bought the property subject to the assessment, the purchaser is in the same position as if he owned the property at the time the assessment was laid, for the mortgage was made before title vested in the city. It is no answer to say that, if this question had arisen before the foreclosure sale, the petitioner, then the owner of the abutting property, might have been compelled, if the charter provision had been so construed, to permit the assessment to be set off against the award. The fact is that the question did not then arise. Now, when it comes up, the situation is different. The petitioner has lost title to the abutting property by a judgment of the court, and she has already in effect paid the assessment. She cannot, in fairness, or under the provision of any statute, or under the decision of any case to which attention has been called, be required to pay it again. The fact that she is entitled to the award is undisputed. She should therefore receive it. No part of the assessment should be deducted from it.

The motion to confirm the referee's report is therefore granted. The order submitted by the corporation counsel, the portion with reference to the assessment having been deleted, has been signed.