Matter of the Application of WILLIAM H. NUNEZ, for Payment of Award, etc., in Proceedings to Acquire Title to West Thirteenth Street, from Eighty-sixth Street to Gravesend Bay, Borough of Brooklyn.

(Supreme Court, Kings Special Term for Motions, April, 1917.)

Awards — when, cannot be sustained — in street opening proceedings — condemnation proceedings — statutes — Greater New York Charter, § 988 — municipal corporations — when application for award granted.

   While a statute requiring the application of an award in a street opening proceeding towards the payment of an assessment for benefits is valid, a statute which deprives one person of interest on an award for property taken and allows it to other persons, or which requires one property owner to pay his assessment the day it falls due and even before it becomes a lien, and grants to others sixty days thereafter in which to make their payments, is both unjust and invalid and cannot be sustained.

   The provision of section 988 of the Greater New York Charter (Laws of 1915, chap. 606) which, in street opening

proceedings, gives the city the right to set off assessments against awards making the set-off effective as of the date the assessment was entered for collection, is as to an owner who receives an award, which under section 981 of the charter carries interest from the date of the report, and who is also assessed for benefits, unjust and illegal, as he is treated differently from an owner who merely receives an award or is merely assessed, in that he is deprived of interest to which every other owner of an award is entitled and is obliged to pay at least so much of his assessment as the award will pay, as soon as it is payable, though other owners who are merely assessed are given sixty days of grace without incurring any additional liability.

Though at the time of the making of the awards and the assessments in a street opening proceeding instituted by the city of New York a certain person was the owner of certain property taken and assessed both the award and the assessment were made in the name of " unknown owners." Later petitioner became the owner of the award and of the property covered by the assessment and still later he sold the property subject to the assessment. *Held,* that on his application for payment of the award the city was not entitled to have the award applied in partial payment of the assessment for benefit laid against the property which belonged to his predecessor in title.

APPLICATION for the payment of an award made to unknown owners.

Merle I. St. John, for motion.

Lamar Hardy, Corporation Counsel (Andrew C. Troy and Paul Jones, of counsel), opposed.

CROPSEY, J. This application is the usual one for payment of an award made to unknown owners. The court took the proof instead of sending the matter to a referee. The practice of referring such matters is unnecessary, involves delay and, unless they are sent to the official referees, causes the property owner

additional expense. Only a few minutes are required to take all the proof. The petitioner has established his right to the awards. This is not disputed. The only controversy arises over the city's contention that the awards should be applied in partial payment of an assessment for benefit laid in this proceeding against property which belonged to petitioner's predecessor in title.

At the time of the making of the awards and assessment Andrew G. Cropsey was the owner of the property taken and of the property assessed, though both the awards and the assessment were made in the name of unknown owners. Later petitioner became the owner of the awards and of the property covered by the assessment, and still later sold the property subject to the assessment. He does not now own the property that is assessed but is entitled to the awards. The question is, can the city offset them against the assessment?

The question was considered by this court in *Matter of Jones*, 96 Misc. Rep. 32, which construed the effect of section 1007 of the Greater New York York Charter as it read prior to the general amendment of 1915, which repealed all the sections relating to the opening of streets, etc., and enacted others in their stead. Laws of 1915, chap. 606. That section on its face gave no authority to the city to set off an award against an assessment. It merely provided that the city could not, in certain situations, demand interest on the assessment. That it was never intended that this section should have any other effect or be given any different meaning is made plain by a consideration of its origin. It was first enacted by Laws of 1839, chapter 209, section 8, and in substantially the same language as later appeared in section 1007 of the charter. It was carried unchanged into

the New York Consolidation Act (Laws of 1882, chap. 410, § 999), and then into the charter. When it was first enacted, the situation concerning the payment of awards and assessments was prescribed by the Revised Laws of 1813, chapter LXXXVI. Awards were not payable until four months after confirmation of the report (§ 183), while assessments became a lien at once and were payable " on demand," and, if not paid within thirty days after confirmation of the report, resort could be had to distress and sale. § 186. That is, an assessment became due and payment of it could be enforced long before the award was payable.

The amendment of 1839 was to meet this situation, and, while it made no change in the time of payment of either awards or assessments, it prevented the city from demanding interest under certain conditions. The amendment was manifestly intended to aid the property owner, and not to give any additional rights to the city. It prevented the city from collecting interest on the assessment, except on the excess of the amount the property owner was to pay over and above the amount he was to receive, " for, or in consequence of, any intervening time between the period fixed for the receipt of the amount of benefit and advantage, and the payment of the amount of loss and damage."

The intent of this amendment, especially in view of the situation that existed and that has been referred to, seems to be clear. It was to prevent a property owner from being charged any interest on his assessment (except on the excess of it above the award) until his award was payable. But the result in this matter is not affected, if it be construed to mean that no interest shall be charged until the award is actually paid, or that " the party in whose favor an award was made should have the benefit of the appli-

cation of his award in extinguishment or reduction of the assessment as of the date the assessment was levied or would otherwise have drawn interest,'' as was held in the interest of the property owner. *Matter of Bankers Investing Co.*, 141 App. Div. 591, 597.

The purpose and intent of the enactment was to benefit the property owner, and under any construction of it that result followed. But there was nothing in the act to require the property owner to accept the benefit. Nor was it intended to give any benefits or rights to the city. The property owner having both an award and an assessment could save money under that amendment. This was true until other amendments were made, changing the provisions for interest on the award. When the change was made, providing that an award carried interest from the date of the report, there was no longer any reason for the statute in question. Its original purpose could not then be served. Its intended usefulness was at an end. And it would not then be of any benefit to the property owner if the rate of interest on the award and assessment were the same.

Under the present provisions, however, interest at six per cent runs on the award from the date of the report (Charter, § 981) and assessments carry no interest for sixty days after they are entered in the comptroller's books (Charter, § 987); if not then paid, interest runs at seven per cent and is calculated from the date the assessment becomes a lien (Charter, § 987), which is ten days after it is entered for collection in comptroller's books (Charter, § 159). So, in every case now, interest on an award runs for a considerable period before it begins to run on an assessment.

To construe the provision we have been considering as giving the city the right, regardless of the

wishes of the property owner, to set off the award against the assessment, would result in many cases in the property owner losing money. This would be true in every case in which the question arose before the interest began to run on the assessment, and in many cases thereafter. In fact the construction the city would place upon it would prevent an owner from collecting his award although it was due and payable, if he owned property which was to be assessed, although the assessment was not payable and in fact may not have been determined. This situation could readily exist, for awards are frequently confirmed and the report as to assessment sent back for correction, with the result that they are not determined till months after the confirmation of the awards. And even if the assessments are confirmed at the same time as the awards, as they carry no interest for two months thereafter while the awards carry interest from the date of the report — that is, some time before the confirmation — the enforcement of the city's claim would cause a loss of interest to the owner, unless the question did not arise until so long after the interest had commenced to run on the assessments that the difference of one per cent in the rate would make up for the amount of interest earned on the awards during the time the assessments did not carry any.

In only one case to which the court's attention has been called has it been held that the city may enforce the set-off, or rather that it operates automatically without election or action either by the city or property owner. In most of the cases the courts were construing the provision in the interest of the property owner and in applications by the owner in which *he* sought to offset the award against the assessment and in which it was held that *he* had that right. *Mat-*

*ter of City of New York (Church Ave.)*, 91 App. Div. 553; *Matter of Bankers Investing Co.*, 141 id. 591; *Matter of Jackson Steinway Co.* v. *Prendergast*, 142 id. 905.

None of those cases holds that the city can exercise such a right of set-off against the wishes of the property owner. The only one that goes to that extent is *Matter of Fischer*, 149 App. Div. 618. That decision held that the award must be set off against the assessment as of the date the assessment became payable, and refused to allow interest on the award after that date. No prior decision required such a ruling and certainly the language of the statute did not, especially when its origin is known. In the *Fischer* case the awards became payable on January 5, 1911, and the assessments on January 10, 1911, when they were entered for collection. The assessment was paid on March 11, 1911, without interest, and payment of the award with interest was demanded and refused. The assessment did not carry interest, for it was paid within sixty days after it became payable. Greater N. Y. Charter, §§ 986, 987, adopted by Laws of 1915, chap. 606, prior thereto §§ 1005, 1006.

The award, however, did carry interest from the date of the report until it was paid, unless that was longer than six months after the entry of the order confirming the report, and also after that period if a proper demand was made. Greater N. Y. Charter, adopted by Laws of 1915, chap. 606, prior thereto § 1001.

The language of these sections is very plain and unmistakable, and it applies to *all* property owners. The *Fischer* decision made it applicable only to *some* of the owners. It refused to allow the interest on the award to which the owner of the award, in common with all others, was entitled. Unless such power is

plainly given, it cannot be exercised. It cannot be inferred. Any doubt or uncertainty in the language used must be construed in favor of the property owner and against the city. *Ne-ha-sa-ne Park Assn.* v. *Floyd,* 167 N. Y. 431, 436; *City of Rochester* v. *Fourteenth Ward Assn.,* 183 id. 23, 30; *Tompkins* v. *Hunter,* 149 id. 117, 122, 123. A statute must be construed so as not to promote injustice. *Hayden* v. *Pierce,* 144 N. Y. 512, 516.

In the instant case the assessment was laid against "unknown" owners. The property owner was not, therefore, personally bound to pay it. *Haight* v. *City of New York,* 99 N. Y. 280. And no right of set-off exists unless definitely given by statute. *Genet* v. *City of Brooklyn,* 99 N. Y. 296, 304.

Attention has been called to the fact that there was no provision of law requiring such an unjust and discriminating result, but had there been it would have been illegal. Since the *Fischer* decision and in the general amendment of 1915, already mentioned, a new section, 988, was adopted. This took the place of former section 1007, which has been discussed, but is very different from it. This new section gives the property owner the right " at any time prior to receiving payment of the award " to apply to have it set off against his assessment, " and thereupon such set-off shall be made as of the date of the entry of the assessment for collection. If the award exceed the assessment, the city shall be liable for interest only on the amount of such excess. If the assessment exceed the award, the owner assessed shall be liable for interest on the amount of such excess as if no set-off had been made."

If a property owner elected to obtain such a set-off, he could not be heard to complain that it was not fair. And if this was the only provision, there would be no

comment, for it would then be optional with the owner. But the same new section contains the further provision that " the city may, without the assent of the person entitled to the award, set off the assessment against the award. Such set-off shall be made by the city in the same manner and have the same effect as if made on the application of the person entitled to the award."

This new section does not provide for any automatic set-off. It clearly contemplates that there shall be no set-off unless either the property owner or the city elects to have it so. The owner " *may* " apply for it, and then it " *shall* " be made. The city " *may* " without the owner's assent make the set-off. The papers in the present case show that the city has not made the set-off. The affidavit submitted by the city states that the full amount of the assessment " is still unpaid and is now a lien on the award." Had the set-off been made, the assessment would have been partly paid.

But this provision which gives to the city this right of set-off is unjust, discriminatory and illegal. It makes the set-off effective as of the date the assessment was entered for collection. This is putting into the statute what was said in the *Fischer* case. It means, as it was held in that case, that the person who receives an award and is also assessed is treated differently from the person who merely receives an award or is merely assessed. The owner with both an award and an assessment is discriminated against. He is deprived of interest, to which every other owner of an award is entitled; and he is obliged to pay his assessment — or at least so much of it as the award will pay — as soon as it is payable, though others who are merely assessed have sixty additional

days within which to pay their assessments without interest or penalty.

An additional discrimination is found in section 1019-a of the charter (added by Laws of 1915, chap. 598). That gives a property owner the right to have his assessment (if it exceeds three per cent of the valuation of the property exclusive of improvements) divided into ten annual payments. But the section excludes from its operation the property owner who is entitled to an award, except as to the portion of the assessment in excess of the award.

It is true that a proper statute requiring the application of an award towards the payment of an assessment has been upheld. *Genet* v. *City of Brooklyn,* 99 N. Y. 296. But an enactment which deprives one person of interest on an award for property taken and allows it to other persons, or which requires one property owner to pay his assessment the day it falls due (and before even it becomes a lien, Charter, § 159), and grants to others sixty days thereafter in which to make their payments without penalty, is both unjust and invalid. It should not and cannot be sustained. It takes from every owner of an award, who happens also to be assessed, a sum of money — or makes it possible for the city to do it. If the award and assessment were equal in amount, the owner would not receive any interest on his award, although the statute says it carries interest from the date of the report, which necessarily is some time before the report is confirmed, and although the assessment is not entered and cannot be until some time after the confirmation of the report and may not be entered for months thereafter, as is often the fact.

The owner should receive interest on his award from the date of the report, but this new section says he gets no interest, except on the excess of his award

over the assessment. The person who was entitled to a similar award, but not obliged to meet an assessment, would receive interest on it, up to the time it was paid, unless that was more than six months after the report was confirmed. And a property owner, who was assessed a similar amount, would not be obliged to pay his assessment the very day it fell due, but would be given sixty days of grace without incurring any additional liability.

Why should the person who chances to be both entitled to an award and subject to an assessment be treated so differently from those who are either only entitled to an award or only subject to an assessment?

There is no justification for the discrimination. The motion is granted.

Motion granted.