In the Matter of the Application of WILLIAM H. NUNEZ, Appellant, for Payment of an Award Made in Proceedings to Acquire Title to West Thirteenth Street in the Borough of Brooklyn.

THE CITY OF NEW YORK, Respondent.

**New York (city of) — opening of streets — right of city to offset amount of assessment for benefit against award for property taken — such right is not extinguished by assignment of award to another.**

Under the Greater New York charter (L. 1901, ch. 466, § 970) relating to the acquisition of land for streets, and providing that compensation be made to those persons to whom " the loss and damage " caused by the improvement " shall be deemed to exceed " the benefit and advantage, " for the excess of the damage over and above the value of the benefit," the right of setoff is implied, and where in such a proceeding an award was made to the unknown owners of certain parcels and a benefit assessment was imposed on the premises and the widow and heirs of the owner conveyed the premises, subject to the assessment, to the petitioner to whom the administrator of the deceased abutting owner assigned the award, and thereafter the petitioner

conveyed the land to another " subject to all valid liens for taxes and assessments," but retained the award for himself, the right of the city to set off the assessment against the award was not extinguished. The award in the hands of its first owner was subject to setoff to the extent of any benefit assessments upon the lands of the same owner. The burden follows the benefit no matter into whose hands it may pass, and his assignee takes the benefit subject to the same burden and equities.

*Matter of Nunez*, 183 App. Div. 939, affirmed.

(Argued April 8, 1919; decided April 22, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 17, 1918, which reversed an order of Special Term granting an application for an order directing the comptroller of the city of New York to pay to the petitioner an award theretofore made to unknown owner for land acquired by the city of New York in proceedings for the opening of West Thirteenth street, in the borough of Brooklyn, and designated therein as damage Nos. 1 and 2. The order of reversal denied the motion of the petitioner and directed the comptroller to set off and apply the said award in partial payment of an assessment for benefit imposed in the same proceeding against the residue of the lands of which " damage Nos. 1 and 2 " had formed a part.

The facts, so far as material, are stated in the opinion.

*Thomas C. Blake* and *Merle I. St. John* for appellant. The right of the city of New York to offset the assessment against the award in the case at bar depends upon the provisions of sections 970 and 1004 of the Greater New York charter and these sections do not authorize the offset. (*Hatch* v. *Mayor, etc.*, 82 N. Y. 439; *Watt* v. *New York*, 1 Sand. 23.) As between the city and the grantee of Nunez the city has liens on the land for $1,918.57, and so has no equity in trying to detain Nunez's money. (*Matter of Munn*, 165 N. Y. 149.) The city has no valid lien against the award for these assess-

ments for benefit. (*Matter of Mayor, etc.* [*Morris Ave.*], 118 App. Div. 122; *Carpenter* v. *City*, 44 App. Div. 233; *Haight* v. *Mayor*, 99 N. Y. 280.) The city has no counterclaim against the owner of the award. (*N. P. Assn.* v. *Lloyd*, 167 N. Y. 431; *Rochester* v. *14th Ward Assn.*, 183 N. Y. 23; *Tompkins* v. *Hunter*, 149 N. Y. 117.)

*William P. Burr, Corporation Counsel* (*Joseph A. Solovei* and *Patrick S. MacDwyer* of counsel), for respondent. Where in a street opening proceeding in the city of New York an award for damage is made for land taken for the improvement and an assessment for benefit is imposed on the residue of the land so taken, the city has the right to set off *pro tanto* the one against the other. (L. 1901, ch. 466, §§ 970–1011; *Matter of Bankers Investing Co.*, 141 App. Div. 591; *Jackson-Steinway Co.* v. *Prendergast*, 142 App. Div. 905; *Matter of Fischer*, 149 App. Div. 618; *Matter of Schoonmaker* v. *Prendergast*, 171 App. Div. 312; *Matter of City of New York* [*11th Ave.*], 151 App. Div. 925; 206 N. Y. 687; *Matter of Jones*, 178 App. Div. 654.) The provisions of section 970 of the charter that " the lands, tenements and hereditaments that may be required for such purposes may be taken therefor and compensation and recompense made to the parties and persons, if any such there shall be, to whom the loss and damage thereby shall be deemed to exceed the benefit and advantage thereof, for the excess of the damage over and above the value of said benefit," contemplate that where part of a plot is taken for the new street the liability of the city extends only to the payment of the excess, if any, of the award over the assessment on the part remaining. (*Genet* v. *City of Brooklyn*, 99 N. Y. 296; *Livingston* v. *Mayor, etc.*, 8 Wend. 88; *Bauman* v. *Ross*, 167 U. S. 548.) The assessment remaining unpaid, the assignment of the award to the appellant could not affect the city's right of setoff. (*Littlefield* v. *Albany Co. Bank*, 97 N. Y. 581.)

CARDOZO, J. In October, 1906, the Supreme Court confirmed the report of commissioners of estimate and assessment in proceedings to acquire title to West Thirteenth street, in the borough of Brooklyn, city of New York. The report made an award of $875 to the unknown owners of damage parcels Nos. 1 and 2. It imposed on the abutting premises a benefit assessment of $1,918.57. The owner of the abutting premises was stated in the report to be Anna E. Denyse. In reality, the owner was one Andrew G. Cropsey, who held an unrecorded deed. In 1914 the widow and heirs of Mr. Cropsey conveyed the land, subject to this assessment, to the petitioner, William H. Nunez, and the administrator of the estate of Mr. Cropsey assigned to Mr. Nunez the award. Both land and award thus remained in the same ownership. Thereafter Mr. Nunez conveyed the land to one Mabel Jones " subject to all valid liens for taxes and assessments," but retained the award for himself. In 1916 he made application to the court for the payment by the city of New York of the amount of the award with interest. In opposition, the city asserted the right to offset the assessment. The right was denied at the Special Term, and upheld at the Appellate Division. An appeal to this court followed.

We think the set-off of assessment against award was properly sustained. The rights of the parties must be sought in the statute as it stood in 1906 (Greater N. Y. Charter [L. 1901, ch. 466], chap. XVII, title 3). The amendments of 1915 (L. 1915, ch. 606) do not apply to proceedings already instituted under earlier statutes (L. 1915, ch. 606, sec. 4). But we think that under those statutes as under the later one, the right of set-off is implied in the statutory scheme. Compensation is to be made to those persons to whom " the loss and damage " caused by the improvement " shall be deemed to exceed " the benefit and advantage, " for the excess of the damage over and above the value of the benefit " (L. 1901, ch. 466, sec. 970).

Interest is not to be demanded by the city except upon the excess of the amount to be paid over and above the amount to be received (L. 1901, ch. 466, sec. 1007, as amended by L. 1906, ch. 658). These sections do not, like the present statute (L. 1915, ch. 606, sec. 988), confer the right of set-off in so many words. We think they do confer it, however, by reasonable implication. That has been the prevailing view in the Supreme Court (*Matter of Bankers' Investing Co.*, 141 App. Div. 591; *Matter of Fischer*, 149 App. Div. 618; *Matter of City of N. Y.*, 151 App. Div. 925; 206 N. Y. 687; *Matter of Jones*, 178 App. Div. 654). A like view has been expressed, though only by way of dictum, in this court (*Matter of City of N. Y.* [*Jerome Ave.*], 192 N. Y. 459, 466, 467). There is a manifest equity in the cancellation of mutual credits (*Lanesborough* v. *Jones*, 1 P. Wms. 325, 326; *Green* v. *Farmer*, 4 Burr. 2214, 2220; *Lindsay* v. *Jackson*, 2 Paige, 581). That is something to be considered in determining the intention of the legislature. Upon the facts before us, the right of set-off must find its foundation, if it has any, in the provisions of the statute (*Genet* v. *City of Brooklyn*, 99 N. Y. 296, 304); but the courts will not strain to hold that manifest equity has been ignored, when the scheme of the statute suggests by reasonable implication that it has been heeded and obeyed.

The question remains, however, whether the right of set-off was extinguished by the assignment of the award. We think our holding should be that the right is unimpaired. This is not a question of counterclaim under the Code. It is one of set-off under a special statute, with an independent scheme of remedies. The award in the hands of its first owner was subject to set-off to the extent of any benefit assessments upon the lands of the same owner. The set-off did not grow out of any theory that the owner had become personally liable for the payment of the assessments. It may be that he was not

personally liable.  He was not named as owner in the assessment (Charter, sec. 894), and there is no evidence that payment had ever been demanded (Charter, L. 1901, ch. 466, sec. 1004).  The significance of these circumstances we need not now determine.  His duty to submit to set-off had no relation to his personal liability.  It existed because the statute said it should exist.  It continued though personal liability might be postponed or even destroyed.  It grew out of his position as owner at the confirmation of the report.  Not common ownership thereafter, but common ownership then, is the tie that links together assessment and award.  The owner accepting the award, accepts it subject to the burden.  But if that is true, he does not relieve it of the burden when he assigns it to some one else.  The assignee of a chose in action is subject to all the equities which attach to the thing assigned as against the assignor (*Smith* v. *Parkes*, 16 Beav. 115; *Roxburghe* v. *Cox*, 17 Ch. Div. 520, 526; *Central Trust Co. of N. Y.* v. *West India Improvement Co.*, 169 N. Y. 314).  That is the general principle, of which the rule of subjection to existing set-offs is merely a phase or illustration (*Smith* v. *Parkes, supra; Roxburghe* v. *Cox, supra; Beckwith* v. *Union Bank*, 4 Sandf. 604, 610; affd., 9 N. Y. 211).  This award was subject to an equity while in the hands of its first owner.  It remained subject to the same equity thereafter.  The statute views the benefit and the burden as parts of the same transaction, much as in cases of recoupment (*Seibert* v. *Dunn*, 216 N. Y. 237).  No assignment can divorce them (*Seibert* v. *Dunn, supra; Am. Bridge Co.* v. *City of Boston*, 202 Mass. 374; *Taylor* v. *Mayor, etc., of N. Y.*, 82 N. Y. 10, 17, 18, 20).  The burden follows the benefit, no matter into whose hands the benefit may pass.

The order should be affirmed with costs.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.