ELIZABETH PORTER, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY, Appellant.

In an action to recover damages for injury to plaintiff's premises in the city of New York, alleged to have been occasioned by the construction and operation of defendant's road on an adjoining street, by which her easements of light, air and access to the street were impaired, plaintiff claimed to recover damages for permanent injury to the property. At the opening of the case, defendant's counsel said: "May it be spread upon the record that the claim of the plaintiff is for permanent damages once for all, for the taking of these easements." Plaintiff's counsel replied: "I claim for a permanent injury," and defendant's counsel then stated he would "like to have the benefit of an exception to that election of the plaintiff." The trial then proceeded without any ruling of the court being asked for or made. *Held*, that the exception taken did not raise any question for review.

The case was tried upon the theory that plaintiff, if entitled to recover, could recover for permanent damages. The court charged, at defendant's request, that plaintiff was not entitled to recover for the loss of rent, and that she could only recover such amount as was proved to be the permanent loss in value of the property by reason of defendant's taking so much of the easements of light air and access as have been proved to have been taken. The court also instructed the jury that the action was brought for permanent injury, and such sum as they awarded would be all the damages plaintiff could recover; that she was entitled as damages to the value of the easement of which she had been deprived, and the amount of such damages could be arrived at by ascertaining the difference in value of plaintiff's property, with and without defendant's interference. This was not excepted to. *Held*, that the rule laid down by which the damages were to be ascertained and measured by the jury, was acquiesced in and adopted by the defendant for the purposes of the trial, and that all prior exceptions, if any, conflicting with the rules laid down were waived.

Prior to 1878, when defendant's road was constructed, plaintiff had given a mortgage upon her property, which, in December, 1879, was foreclosed and the premises sold. This action was commenced in March following. *Held*, that plaintiff's right of action for injuries sustained while she had the title, was personal to her and did not pass with it on the foreclosure sale, nor was she divested thereby of her right of action; and that the fact that the judgment here would be no bar to a right of action by the purchaser on such sale, for damages accruing after he acquired title did not destroy or modify the effect of the acquiesence of defendant in the theory upon which the case was tried; and that it was concluded thereby.

(Argued March 13, 1890; decided April 22, 1890.)

Appeal from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made May 5, 1887, affirming a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts are sufficiently stated in the opinion.

*Edward S. Rapallo* for appellant. At the time of the commencement of this action the theory of the courts was that the plaintiff in such an action could recover for the permanent depreciation of his property. (*Pond* v. *M. E. R. Co.*, 42 Hun, 567; *Newman* v. *M. E. R. Co.*, 45 id. 590; *Peyser* v. *M. E. R. Co.*, 13 Daly, 122.) Subsequently it was decided that only temporary damages could be recovered. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Lahr* v. *M. E. R. Co.*, 104 id. 268; *Pond* v. *M. E. R. Co.*, 112 id. 186; *Ottenot* v. *N. Y., L. E. & W. R. R. Co.*, 28 N. Y. S. R. 483.) As there were exceptions in the case sufficient to present the point, defendant is entitled to the benefit of the later decision and should be granted a new trial.

*Inglis Stuart* for respondent. The motion to dismiss was correctly denied. (2 Rolle's Abridg. 569; *Hitchcock* v. *Harrington*, 6 Johns. 294; *Levy* v. *Mayor, etc.*, 3 Robt. 194.)

BRADLEY, J. This action at law was brought to recover damages for injury to the plaintiff's house and lot, abutting on Amity street in the city of New York, alleged to have been occasioned by the construction and operation of the defend, ant's elevated railway in and along that street in front of her premises, by which her easements of light, air and access in the street were impaired. (*Story* v. *N. Y. E. R. R. Co.*, 90 N. Y. 122.)

The plaintiff recovered damages as for permanent injury to the property. This is said to have been in accordance with the rule in that respect which had been adopted by the courts in the city of New York in like cases before then determined there, and the present case was tried upon that theory. But since that trial it has been definitely held, and such is the governing rule, that in actions like this one a party can recover only such temporary damages as have been sustained up to the time of the commencement of the action. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Pond* v. *M. E. R. Co.*, 112 id. 186.) The question, therefore, is whether the defendant is, by any exception taken upon the trial, permitted to effectually challenge upon this review the plaintiff's right to sustain the recovery of permanent damages.

At the commencement of the trial the defendant's counsel said: "May it be spread upon the record that the claim of the plaintiff is for permanent damages once for all for the taking of these easements." To which the plaintiff's counsel replied: "I claim for a permanent injury to the property." The defendant's counsel thereupon stated that he would "like to have the benefit of an exception to that election of the plaintiff." The trial then proceeded without any ruling of the court asked for or made. It is not seen that the exception so taken raised any question for consideration on this review.

In referring to the manner of treating the subject of the measure of damages by the court and counsel in submitting that question to the jury, it appears that the defendant's counsel requested the court to charge the jury that "the plaintiff is not entitled to recover in this action for the loss of

rent;" and that "the plaintiff can only recover such amount as has been proved to be the permanent loss in the value of her property by reason of the taking by defendant of so much of the easements of light, air and access as have been proved to have been taken by them." The court charged both of those propositions as so requested, and in the main charge to the jury the court instructed them upon the subject as follows: "This suit was brought for permanent injury to the plaintiff's property. If she should recover damages in this action, such sum as you may award to her will be all the damages that she can recover for the property in question. * * * The plaintiff is entitled as damages to the value of the easement of which she has been deprived. * * * The amount of this damage may be arrived at by ascertaining the difference in value of the plaintiff's property with the interference by the defendant's railroad with the easements of light, air and access which belong to the property, and the value of the property without that interference." No exception was taken to any part of this charge. It would, therefore, seem that the rule by which the plaintiff's damages were to be ascertained and measured by the jury was acquiesced in and adopted by the defendant for the purposes of the trial.

And we find no available exception to the contrary, assuming that the plaintiff was entitled to recover. Our attention is called to an exception taken to the reception of evidence of a witness in an answer to the question, what was the value of this property just before the road was built? To which objection was made on the ground that sufficient foundation did not appear for the witness to testify as an expert, and "that it is not a measure of damage." This evidence alone would not necessarily be incompetent if it had been offered with a view of proving the rental value of the property. And when the plaintiff offered evidence to prove the value of the property after the road was constructed, the objection was taken "that it is not the proper way to prove the damage for which the defendant is responsible, including a great many damages for which it is not," and that as the action was

brought for permanent obstruction, damages could only be recovered on account of so much of the defendant's structure as constituted a permanent obstruction, and should not embrace damages occasioned by temporary or intermittent acts such as running trains, as that could not be treated as permanent, and for which the defendant was liable only from time to time as it occurred. This objection seems to have related to the character of damages which should be deemed permanent rather than to the right of the plaintiff to proceed to recover such damages in the action. And to the evidence afterwards offered and given to prove how much the property was depreciated in value by the impairment of the easements of light, air and access, no objection was taken having relation to the right of the plaintiff to make proof of permanent injury to her property. And when taken together the most that can be said of the objections to evidence upon that subject is, that they had relation to the elements which should constitute permanent damages, rather than to the fact that they were not the proper subject of proof by the plaintiff and of determination by the jury.

Then the further difficulty in the way of giving to those exceptions consideration bearing upon the measure of damages, was produced by the proposition upon that subject, which was charged by the court on the defendant's request, as before mentioned. This was something more than mere acquiescence. It was an affirmative request made by the defendant through the court to the jury to adopt the rule of measurement, which would result in the determination by them of permanent damages. Mr. Chief Judge RUGER said, in *Lahr* v. *M. E. R. Co.* (104 N. Y. 294), in referring to the charge of a similar proposition pursuant to request : " The charge of the court was not excepted to by defendant, and its request, followed by its adoption by the court, constituted a waiver of any previous exception (if any there was) conflicting with the rule laid down."

It appears that some years prior to the time (which was in 1878) of the construction of the defendant's road, the plaintiff

had given a mortgage upon the property, and in December, 1879, the mortgage was foreclosed and a judicial sale made of the premises, when, as the consequence, the plaintiff ceased to have any title to the property. This action was commenced in March following. It is not seen how the fact that the judgment may be no bar to an action by the purchaser for damages suffered to the property subsequently to the time of such judicial sale, can, upon or for the purpose of this review, modify the effect of the proposition before stated. The acquiescent theory adopted by the parties and upon which the case was tried and submitted to the jury, must, on this review, be deemed conclusive upon them. It may, in such case, be assumed that parties have their reasons for so doing, founded upon the belief that it is for their interest in the litigation to do so. In this case there was a conflict in the evidence on the subject of damages, and by it the question was presented whether or not the premises were to any extent depreciated in value by the construction of the defendant's road. The fact that the plaintiff did not own the property at the time of the commencement of the action, did not entitle the defendant to a dismissal of the complaint, or the direction of a verdict upon the motion made on that and the further ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action. The right of action for injury sustained while the plaintiff had the title, was personal to her, and did not pass with the title from her. (*McFadden* v. *Johnson*, 72 Penn. St. 335; *Losch's Appeal*, 109 id. 72; *King* v. *Mayor*, etc., 102 N. Y. 172.) She held title until the sale on foreclosure; and the fact that the mortgage was given before the road was built did not make the sale effectual to divest her of that right of action. Then there was evidence sufficient to permit a recovery of something for depreciation of rental value of the premises. Our attention is called to no exception which seems to justify the granting of a new trial.

The judgment should be affirmed.

All concur.

Judgment affirmed.