(9 App. Div. 233.)

### MORGAN v. FULLERTON et al.

(Supreme Court, Appellate Division, Second Department. October 27, 1896.)

MUNICIPAL CORPORATIONS— ASSESSMENTS — PAYMENT ON MORTGAGE FORECLOSURE.

The provision of Code Civ. Proc. § 1676, that the officer making the sale under a mortgage foreclosure shall pay all assessments on the mortgaged premises, is for the exclusive benefit of the purchaser at such sale, and therefore cannot be enforced by the municipality which levied the assessment.

Appeal from special term, Orange county.

Action by Charles N. Morgan against Stephen W. Fullerton and others. From an order directing the payment of an assessment from the proceeds of the property, plaintiff and defendant Margaret P. Humphrey appeal. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George E. Blackwell, for appellants.
William D. Mills, for respondents.

BROWN, P. J. This action was brought for the foreclosure of a mortgage upon real estate in the village of Goshen, in Orange county, and the usual judgment of foreclosure and sale was entered, which directed the referee to pay the taxes and assessments which were liens upon the property at the time of the sale. Subsequent to the judgment, and before the sale of the property, an assessment for certain improvements upon the sidewalk in front of the mortgaged premises was laid upon said premises by the trustees of said village. At the sale the defendant Humphrey became the purchaser, and thereafter the plaintiff and the said purchaser (no other parties having appeared in said action) entered into a stipulation which re-

cited, inter alia, (1) that a dispute had arisen as to the validity of said assessment; (2) that the said Humphrey had agreed to take title to the said premises subject to the lien, if any, of said assessment; (3) that the parties had agreed that judgment for deficiency should be entered as if no such assessment existed. Thereupon an order was entered on June 25, 1896, at the special term held by Mr. Justice Smith, directing the referee to make no deduction out of the money arising from said sale for any alleged lien existing upon said premises for assessments of any kind. The order appealed from was granted at special term on July 25, 1896, and was made upon the application of the trustees of the village of Goshen, and directed the referee to pay said assessment from the purchase money in his hands to the trustees of said village, and perpetually stayed compliance with the order of Mr. Justice Smith. Section 1676 of the Code of Civil Procedure is cited to sustain this order, the argument being that this section was intended for the protection of municipalities to which taxes or assessments which should be liens upon the property adjudged to be sold should be due and payable. The section is as follows:

"Where a judgment, rendered in an action for partition, for dower, or to foreclose a mortgage upon real property, directs a sale of the real property, the officer making the sale must, out of the proceeds, unless the judgment otherwise directs, pay all taxes, assessments, and water rates, which are liens upon the property sold and redeem the property sold from any sales for unpaid taxes, assessments, or water rates, which have not apparently become absolute. The sums, necessary to make those payments and redemptions, are deemed expenses of the sale, within the meaning of that expression, as used in any provision of article second, third or fourth of this title."

We are of the opinion that this section was intended solely for the benefit of the purchaser. It is not the design of the Code that the state or municipal corporations to whom taxes or assessments should be due should be made parties to actions for the sale of real estate. The force and effect of liens of this character are regulated by the tax and assessment laws of the state, and those statutes make full and ample provision for the collection of the tax and the enforcement of the lien against the property. But justice to the purchaser of the land requires that the title conveyed to him should be free and clear from all such incumbrances, and to that end, and for his protection, it is provided in the section of the Code cited that the liens shall be discharged out of the purchase money by the officer making the sale. It is entirely within the province of the court, however, to direct otherwise; and in such a case as the one before us, where the validity of the assessment is in dispute, and where the purchaser is willing to take the title subject to the assessment, and the plaintiff waives its payment with reference to ascertaining the judgment for deficiency to which he would be entitled, it was eminently proper that it should direct otherwise, as was done by the order of Mr. Justice Smith. The trustees of the village of Goshen had no standing in court which entitled it to complain of that order. It was not a party to the action, and the order does not curtail or affect any remedy which the village has to enforce payment of the assessment. The matter was one affecting only the parties

to the suit. The suggestion of the learned counsel for the village that there was no other way by which the village could collect the assessment, except by a sale or lease of the premises in pursuance to the provisions of the statute under which it is incorporated, would be more properly addressed to the legislature than to the court. The validity of the assessment was disputed, and the parties interested in the land were entitled to have its validity tried and determined in a proceeding where the question would be directly presented. It could not be determined upon a motion made in this action.

We think it was entirely competent for the parties to make the stipulation upon which Justice Smith's order was based, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs against the village of Goshen. All concur.