[No. 3617.　Decided December 14, 1901.]

*In the Matter of the Petition of the* CITY OF SEATTLE *as to Compensation to be made for Regrading of First Avenue.*

CHARLES BRUHN *et ux., Appellants,* v. S. HENRY NORRIS, *Respondent.*

APPEAL — SUFFICIENCY OF BRIEFS — FAILURE TO CONTAIN FINDINGS OF FACT.

The supreme court rule which requires findings of fact to be printed in the appellant's brief applies only to cases where the findings themselves are contested, not to cases where the error

assigned is as to the conclusions of law drawn from findings which are accepted as correct.

DAMAGES TO REAL PROPERTY — RIGHT TO RECOVER — WHO ENTITLED TO
  ON MORTGAGE FORECLOSURE.

Where damages occasioned by the grading of a street have been awarded in favor of mortgaged premises prior to the foreclosure of the mortgage thereon, the mortgagee is not entitled to such award when there is nothing in the decree of foreclosure giving it to him, and the mortgaged premises have on foreclosure sale brought the full amount of the mortgage indebtedness, thus satisfying his claim against the property of his debtor.

Appeal from Superior Court, King County.—Hon. WILLIAM HICKMAN MOORE, Judge. Reversed.

*Ralph Simon,* for appellants.

*Allen & Allen,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—Briefly stated, the facts of this case are these: In 1898 the appellants were the owners of lot 8, in block 42, in A. A. Denny's Addition to the city of Seattle, on which there was a mortgage for $3,900, held by the respondent, which the appellants had assumed and were obligated to pay. In April of that year the city of Seattle, pursuant to ordinances theretofore passed, commenced work regrading the street in front of and abutting upon the lot, completing the same on August 15th of the same year. On October 25th following, the city instituted an action for the purpose of ascertaining the amount of damages done to the property holders owning property abutting upon the street by the work of regrading, making defendants therein, among others, the appellants and the respondent. This action was brought to trial on October 24, 1899, which resulted in a verdict in favor of the owners of the lot in question in the sum of $500. After the

work of regrading the street had been commenced, the respondent began a suit to foreclose his mortgage, obtaining a decree of foreclosure therein on October 19, 1898, under which the property was sold by the sheriff, in the usual manner, on February 18, 1899, to the respondent, for the full amount of the decree, including the accrued costs, leaving no deficiency whatever. This sale was confirmed by the court on June 29, 1899. After the return of the verdict in the action instituted by the city, the respondent filed a petition in the superior court, entitled as in that proceeding, praying the court to enter a judgment on the verdict of the jury awarding to him the amount assessed as damages. This petition was served upon the appellants, who filed a counter-petition, praying that they have judgment for the award. The court ruled that the respondent was entitled to the award, and entered judgment in his favor. This appeal is from that judgment.

The respondent moves to dismiss the appeal for the reasons: (1) That the appellants have not printed in their brief the findings of fact and conclusions of law made by the trial court; and (2) that there is no sufficient assignment of error. The rule of this court requiring findings to be printed in the brief applies only to cases where the findings themselves are contested, not to cases where the findings are accepted as correct, and the error assigned is the conclusion of law drawn therefrom. In their brief the appellants have clearly stated the question involved, and the error relied upon for reversal. In doing so they have complied with the requirements of both the rule and the statute. The motion to dismiss is denied.

By reference to the dates above given, it will be seen that the work done upon the street which caused the injury to the lot, was done prior to the time of the sale under the foreclosure decree, and at a time when the appellants

were the owners of the lot and the respondent was the holder of a mortgage lien thereon. The respondent's right, therefore, to the award depends upon what answer is given to the question, did the right to collect the award pass to the purchaser at the mortgage sale? We can conceive of no reason why it should be held to have so passed. The proceedings brought to foreclose the mortgage, so far as the record discloses, were the ordinary proceedings followed in the usual course of practice; that is to say, a money judgment was entered against the parties obligated to pay the debt, followed by a decree directing that the mortgaged property be sold to satisfy the amount due. So far as it appears, no reference to the award was made in the decree. It was neither directed to be sold, nor was the amount thereof deducted from the amount of the debt. The property was sold at public auction to the highest and best bidder, after notice given, which described the lot as it was described in the mortgage, making no reference to any right of damages passing with the property. It has been uniformly held that the right to damages for an injury to property is a personal right belonging to the owners of the property, which will not pass by deed unless expressly conveyed. *McFadden v. Johnson,* 72 Pa. St. 335 (13 Am. Rep. 681); *Losch's Appeal,* 109 Pa. St. 72; *King v. Mayor, etc., of New York,* 102 N. Y. 171 (6 N. E. 395); *Porter v. Metropolitan Elevated Ry. Co.,* 120 N. Y. 284 (24 N. E. 454); *Chicago & E. I. R. R. Co. v. Loeb,* 118 Ill. 203 (8 N. E. 460, 59 Am. Rep. 341); *Milwaukee & Northern R. R. Co. v. Strange,* 63 Wis. 178 (23 N. W. 432). On like principles it will not pass by a sale under a decree of foreclosure unless expressly so ordered and directed by the decree. Undoubtedly, had there been a deficiency remaining after the mortgage sale, the respondent would have been entitled to this award up to the amount

of such deficiency. But his right against the mortgagors was the right only to have the mortgage debt paid in full, and where this was paid by a sale of the mortgaged premises in their damaged condition, all his claims against the property of the debtors were satisfied. The right to collect these damages was the appellants' property, their personal right, subject to the payment of the mortgage debt so long as it existed, becoming absolute after the debt was satisfied.

The judgment is reversed, and the cause remanded, with instructions to enter a judgment for the appellants.

REAVIS, C. J. and ANDERS and DUNBAR, JJ., concur.