---

(118 App. Div. 117)

### In re MORRIS AVENUE IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. EMINENT DOMAIN—COMPENSATION—PERSONS ENTITLED—MORTGAGEES.

Where a mortgage was given on property prior to the taking of a portion thereof by the city of New York for street purposes pursuant to Laws 1882, p. 1, c. 410, and on a foreclosure and sale after the taking by the city the sum realized was insufficient to meet the mortgage debt, the lien of the mortgage extended to so much of the damages awarded as needed to make good the deficiency.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 417–420.]

2. SAME—INTEREST ON AWARD.

On a taking of property under the statute, interest ran in favor of the owners of the award from the date of the taking.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 397–399½.]

3. SAME—DEDUCTION OF TAXES.

Taxes and assessments levied after the city had acquired title to property under the statute could not be charged against the award.

4. SAME—REMEDIES OF PROPERTY OWNERS.

Where, in proceedings for the taking of property for street purposes under Laws 1882, p. 1, c. 410, an application was made for the payment of an award to unknown owners, and it appeared that the comptroller had erroneously retained a certain sum out of the award, the one entitled to the award should not be remitted to proceedings against the comptroller, but her rights might be disposed of in such proceedings on giving the comptroller an opportunity to be heard.

Appeal from Special Term.

Judicial proceedings in the matter of the application of the mayor and others, relative to the opening of Morris avenue from the east side of the New York & New Haven Railroad, to the Grand Boulevard and Concourse, Twenty-Third and Twenty-Fourth Wards. Application by Horatio D. Wiswell and another for the payment of an award to unknown owners. Order reversed and matter remitted to the Special Term for rehearing.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Joseph M. Williams, for appellant Shotwell.

Andrew Skinner, for respondents Wiswell and Wesselman.

William B. Ellison, Corp. Counsel, and John P. Dunn (Thomas C. Blake, on the brief), for city of New York.

CLARKE, J.  In proceedings to acquire title to Morris avenue, instituted under the street opening provisions of the New York City consolidation act (chapter 410, p. 1, Laws 1882, as amended), an award of $4,123 was made to unknown owners by the commissioners of estimate and assessment for certain lands designated as damage parcel 8 in their report, which report was duly confirmed by an order of the Supreme Court entered on the 19th day of June, 1902. Title to the lands in question vested in the city of New York for a public street on April 14, 1897. Upon the petition of Horatio D. Wiswell and Henry B. Wesselman an order was entered by the Special Term directing the Comptroller to pay into court the said award of $4,123, together with lawful interest thereon from April 14, 1897, to the date when payment into court or as the court directs is made, "provided that the comptroller shall first pay and discharge out of the said sum or sums of money all lawful taxes and assessments or other lawful charges, if any there be now unpaid upon the lot or parcel of land of which the above mentioned lot or parcel of land taken in this proceeding was the whole or part, and properly payable therefrom." The order further provided for the appointment of a referee to take proof of the title and grounds of the claims of the petitioners and of one Ethelbert Wilson to the award of any portion thereof and to report the same to the court. This is the usual order of reference in cases of unknown owners. The referee reported that Wiswell and Wesselman were entitled to the balance of said sum of $4,123, after the payment to Shotwell as assignee of Wilson of the amount of a deficiency judgment upon the sale of said property, to wit, $1,744.05, with interest from December 22, 1897. Thereafter an order was entered by the Special Term on the 20th of June, 1903, confirming said report, and, it having been made to appear that the comptroller in conformity with the order of August 1, 1902, directing payment into court, had on October 14, 1902, paid to the collector of assessments and arrears, to the receiver of taxes, and to the department of water supply various sums amounting to $1,784.20, and to the chamberlain of the city of New York as paid into court $3,695.39, the order recited that, it appearing that all of said deductions were for taxes, assessments, and water rents falling due subsequent to the year 1897, and subsequent to the time when said petitioners Wiswell and Wesselman ceased to have any right, title, or interest in or to the lot or parcel of land of which the premises taken was the whole or a part, ordered that the chamberlain pay the said sum of $3,695.39 in his hands with any accrued interest since October 14, 1902, as follows: First to the referee the sum of $227, his fees and expenses; next to Carrie I. Shotwell the balance of the sum of $1,744.05, with interest from December 22, 1897, to October 14, 1902, after deducting from said sum the amount of $1,784.20 deducted by said comptroller from said award for taxes, assessments, and water rents; what the balance of said sum of

$3,695.39 said chamberlain pay to the petitioners Wiswell and Wesselman, together with interest accrued since October 14, 1902, and it was further "ordered that this order is to be without prejudice to a motion or application on the part of the said Carrie I. Shotwell to compel said comptroller to pay over to her said several sums so deducted by him from said award or to make such other motion or application to take such other or further proceedings or action in the premises as she may be advised to compel payment of said several sums or any part thereof by said comptroller of the city of New York." From each and every part of this order, Carrie I. Shotwell appeals.

The appellant sets forth two distinct grievances. Her first contention, in which the city of New York has no concern, is that as between herself and the petitioners, Wiswell and Wesselman, she is entitled to the whole of the award to unknown owners. Her second contention, between herself and the city of New York and in which Wiswell and Wesselman have no concern, is that the deductions from the amount of the award by the comptroller for taxes, assessments, and water rents were improper.

First. Parcel No. 8 consisted of four lots, from the front of which a strip 31 feet in width was acquired by the city in street-opening proceedings for a street. The title to the land taken vested in the city on April 14, 1897. Therefore the owners of the fee at the time the title vested were entitled to the award. The right to the damages at once accrued, though not fixed and ascertained until long afterwards, upon the confirmation of the commissioners' report. It appears that Ethelbert Wilson, a prior owner of the four lots, which were then unimproved, conveyed the same to Eggers and Bissinger by deed acknowledged and recorded on the 14th day of April, 1896, for $16,000, receiving back a purchase money mortgage of $12,000. Eggers and Bissinger proceeded to improve the property by erecting four buildings thereon. Mechanics' liens were filed against said buildings aggregating about $4,000. The lienors canceled said liens upon an agreement that Eggers and Bissenger transfer the property to Wiswell and Wesselman as trustees to finish and take over whatever interest Eggers and Bissinger might have had at that time to protect these liens. This deed was acknowledged on the 17th and recorded on the 20th of October, 1896. Those discharged liens have never been paid, and Wiswell and Wesselman are here claiming the award as owners of the fee at the time of the vesting of the title in the city, as trustees, under said deed for said lienors. It seems clear that the deed from Eggers and Bissinger to Wiswell and Wesselman as trustees for the lienors whose work and materials had gone into the buildings upon this property, and who had filed valid liens therefor, was upon good and valuable consideration. The $12,000 mortgage was foreclosed and a sale thereunder had on the 22d day of December, 1897, to Wilson, the original owner, said sale resulting in a deficiency judgment of $1,744.05. But on April 14, 1897, title in the city to the 31-foot strip had vested and therefore the referee's deed, while purporting to convey the whole property, could not and did not affect this 31-foot strip.

The question as to the right to an award as between a mortgagee and the owner of the equity has arisen in several cases, and the rule seems

to be well established that, where a mortgage has been given upon property prior to the taking of a portion thereof by the city, if upon a foreclosure and sale after the taking by the city the amount realized is insufficient to meet the mortgage debt, the lien of the mortgage would extend to and embrace so much of the damages as awarded as should be needed to make good, the deficiency.   In the Matter of the City of Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L. R. A. 161, where title to a part of certain mortgaged premises was subsequently foreclosed, and the land sold by the original description leaving a deficiency, the court said:

"The balance of the land only could be sold and conveyed on the foreclosure. The referee's deed could convey and did convey only that balance and the right of the mortgagee became merely an equitable lien on the fund in the hands of the court to the extent of any deficiency which the land sold should pay.   The fund was not sold.   It simply remained in the hands of the court for distribution."

In the case at bar the land was taken by the city when the title vested. It was taken from the then record owners, Wiswell and Wesselman. It could not be taken from them without due compensation.   The right to that compensation was vested in them as a personal right at the moment of the taking, and interest from that moment began to run upon any award as compensation therefor as of that date.   This court has lately reasserted these propositions after the examination of the cases in the Matter of Trinity Avenue.

Therefore that portion of the order appealed from which awards to Wiswell and Wesselman so much of the award as remains after providing for the payment of the deficiency judgment is right.

Second.   The appellant Shotwell complains that from the amount awarded to her in satisfaction of the deficiency judgment there has been deducted by the comptroller certain taxes, assessments, and water rates as charged upon the property of which the whole or a part was taken in the condemnation proceedings.   She alleges that the city has no claim against the award, and that by this deduction her property has been taken without an opportunity to be heard, and that she has been deprived of her property without due process of law.   As a matter of fact, she has been deprived of nothing as this question was expressly reserved, without prejudice, for future consideration.   It would seem, however, that the amount retained by the comptroller for unpaid taxes and assessments was improperly retained, but that question was not presented to the court below, and the matter is not for that reason properly presented on this appeal.   All of the taxes and assessments sought to be charged against the award were levied after the city acquired title to the property in 1897.   Of course, the land, in place of which the award now stands, was not liable to taxation and assessment after the city became the owner, and consequently no lien, by reason of any tax or assessment thereafter levied, could attach to the award. · By taking title the city had itself segregated the land taken from that which remained.   The order of reference only authorized the retention of taxes and assesssments "properly payable" out of the award, and did not justify the retention of any sum not so payable.   It would work, as it seems to us, a practical injustice to the appellant, Shotwell, after finding that

she had a first claim upon the fund, to remit her to some expensive,. and perhaps troublesome, proceeding against the comptroller for the recovery of moneys which he has apparently erroneously retained out of the award, and, while the question has not been so presented as to enable us to dispose of it upon this appeal, we see no reason why it cannot be disposed of in this proceeding, for the question of the amount of the award subject to division among the claimants therefor is certainly a material and pertinent fact to be determined by the court. If it should be found, after affording the Comptroller an opportunity to be heard, that no part of the sum retained for taxes and assessments is properly chargeable against the award, and the whole award may be ordered to be paid into court, and after payment to Mrs. Shotwell of the amount of her deficiency judgment, with interest, the balance will be due to the petitioners, Wiswell and Wesselman.

The order should therefore be reversed, without costs, and the matter remitted to the Special Term for rehearing upon due notice to the corporation counsel and the other parties to the proceeding. All concur.