[No. 11601.    Department One.    March 10, 1914.]

## CLARENCE H. GRAY, *Respondent*, v. S. E. DAVISON, *Appellant*.[1]

APPEAL—BOND—SUPERSEDEAS. On appeal from an order of dismissal with costs, denying the payment of a deficiency judgment out of money in the registry of the court, a supersedeas bond fixed by the court in an ample sum to compensate for the delay by the payment of interest is sufficient.

EMINENT DOMAIN—COMPENSATION—RIGHT TO THE AWARD—MORTGAGEES—WAIVER—ESTOPPEL. The right of a mortgagee to satisfy a deficiency judgment out of a fund in court, paid as compensation in condemnation proceedings for taking part of the mortgaged property, is not waived by failing to make the city a party and asserting the lien in the foreclosure action, especially where there was no element of estoppel by misleading the opposite party or depriving him of the privilege of asserting any right.

[1]Reported in 139 Pac. 219.

MORTGAGES—FORECLOSURE—PURSUIT OF CONCURRENT REMEDIES. The appearance of a mortgagee in a condemnation suit, asking that a deficiency judgment be satisfied out of the condemnation award, paid into court for taking part of the mortgaged property, is not the beginning of an action or the pursuit of a concurrent remedy, in violation of Rem. & Bal. Code, § 1125.

MORTGAGES—FORECLOSURE—DEFICIENCY—EXHAUSTING SECURITY. Before allowing a mortgagee to satisfy a deficiency judgment from part of the mortgaged property which had been conveyed to a third party, the balance of the mortgaged property must be sold and the proceeds applied.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 20, 1913, in proceedings to determine the right to a condemnation award, tried to the court. Modified.

*G. E. Steiner* and *Walter B. Beals*, for appellant.

*Chas. M. Fouts*, for respondent.

CHADWICK, J.—Respondent has moved to dismiss the appeal in this case for several reasons, only one of which requires any discussion. The trial judge fixed a supersedeas in the sum of $1,500. A bond was given in the sum of $1,900. The appeal was from an order denying the payment of a deficiency judgment out of money then in the registry of the court. No judgment other than one of dismissal and for costs was entered. The purpose of the supersedeas was to cover any damages that might result to respondent in the event of an affirmance of the judgment. Delayed payment of money is always compensated by the payment of interest. The amount of the bond was ample to meet this object, or, if it were not, respondent might have made objection to it in the court below. The other grounds for dismissal are based on the assumption that appellant has no case on the merits, and are disposed of, but without particular notice or reference, in the opinion which follows.

On February 23d, 1907, Mrs. Van Alstine and her husband, now deceased, conveyed certain property in the city of

Seattle to one L. W. Gray. The grantee made and delivered promissory notes aggregating $13,000 to cover a part of the purchase price. These notes were secured by two mortgages, one on the property in Seattle, and one on certain lots in the town of Tumwater, in Thurston county. Subsequent conveyances were made so that, at all times material to our present inquiry, the title to the Seattle property was in Clarence H. Gray, the respondent.

In August, 1910, the city of Seattle commenced the work of regrading the street in front of the property covered by the mortgage, and on June 7, 1912, after due process and proceedings, an award of $5,042.80 was made as damages to the lots. An assessment for benefits was made in the sum of $2,633.78, and was made a charge upon the lots. The resulting fund is now in court, and is the subject of the present controversy.

Appellant claims ownership of the impounded fund under the following state of facts. On January 17, 1912, Mrs. Van Alstine, in her own behalf and as executrix of her husband's estate, began an action in the superior court of King county to foreclose the two mortgages hereinbefore referred to. The suit passed to judgment on June 18, 1912, and the Seattle property was sold to appellant for the sum of $10,000. No sale was made of the Tumwater property, which property the judge found in this case to be of the probable value of $700. A deficiency remains after the application of the proceeds of the sale. Both parties petitioned the court in this proceeding for an order awarding the fund. The court below rendered a judgment in favor of respondent, and appellant, the successor in interest of Mrs. Van Alstine, has appealed.

Respondent contends, and the court below must have found, that, inasmuch as Mrs. Van Alstine did not claim any interest in the fund allowed as compensation in the condemnation proceeding in her foreclosure proceeding, and have it there determined that her security was depreciated by the re-

grade and take a decree directing that the award should be held subject to the lien of her mortgage, and having sold the Seattle property without reference to the award, she or her successor cannot now claim any interest therein; that it belongs to respondent, the present owner of the equity of redemption, who has not assumed the debt, and that she must satisfy her deficiency out of the property of the original mortgagor, L. M. Gray.

We think it will not be seriously contended that Mrs. Van Alstine might have made the city a party to her foreclosure proceeding, and that if she had, she could have had a decree awarding the amount paid in condemnation, less the assessment for benefits, applied upon the mortgage indebtedness. The public work having impaired the security, the mortgagee is, in equity, entitled to recoup his loss out of the award. A mortgagee is entitled to have his debt paid in full. Lewis, Eminent Domain (3d ed.), § 896; *In re Seattle*, 26 Wash. 602, 67 Pac. 250.

"The question as to the right to an award as between a mortgagee and the owner of the equity has arisen in several cases, and the rule seems to be well established that, where a mortgage has been given upon property prior to the taking of a portion thereof by the city, if upon a foreclosure and sale after the taking by the city the amount realized is insufficient to meet the mortgage debt, the lien of the mortgage would extend to and embrace so much of the damages as awarded as should be needed to make good the deficiency." *Matter of Mayor etc. of New York*, 118 App. Div. 117 (*In re Morris Avenue, New York*), 103 N. Y. Supp. 180.

It may be admitted that the right to satisfy a deficiency out of a fund allowed as compensation for taking a part of a mortgaged parcel of land may be waived by a mortgagee, or that his right thereto must be secured by a timely assertion of his lien; but we are loath to hold—for to do so would be to sacrifice the true equities of the case to mere forms of procedure—that such right must be asserted in the foreclosure proceeding. It would have been proper, and possibly

the better practice, to bring the city into the foreclosure proceeding and there determine the interest of the respective claimants. But Mrs. Van Alstine did not do this. She was made a party to the condemnation case, and before a verdict had been rendered she appeared and gave notice of her claim, which was carried into the verdict and decree. This was in accord with the statute, Rem. & Bal. Code, §§ 922, 926 (P. C. 171 §§ 174, 177).

"When, therefore, the railway company failed to make the mortgagee, the lien claimant, and the city defendants, the right was offered them to voluntarily submit themselves and claims to the jurisdiction of the court and have their claims against the property adjudged in that proceeding, or, in case of a contest by the owner, have the payment to the owner withheld until in some proper proceeding the claims could be established." *North Coast R. Co. v. Hess*, 56 Wash. 335, 105 Pac. 853.

By appropriate petitions filed in the condemnation suit after the verdict, the parties have brought their controversy to an issue and have tried it with the same certainty that would have attended the trial of the same issue in the foreclosure suit. This being so, we do not see why appellant is not entitled to have the sum now in controversy applied to the payment of the deficiency. He can only be denied that right upon the theory of waiver. Waiver is based on estoppel, and surely it cannot be held that one who is pursuing a remedy, although it is a mistaken one—we are not so holding —is estopped to assert a right that in law and equity is his own. Neither appellant nor his predecessor in interest have done aught to mislead respondent to his damage, or to deny him the privilege of asserting any legal right. Therefore, it must necessarily follow that the award is subject to the deficiency judgment unless it be held that appellant's predecessor has pursued two remedies for the collection of her debt in violation of the statute.

"The plaintiff shall not proceed to foreclose his mortgage while he is prosecuting any other action for the same debt or

matter which is secured by the mortgage, or while he is seeking to obtain execution of any judgment in such other action; nor shall he prosecute any other action for the same matter while he is foreclosing his mortgage or prosecuting a judgment of foreclosure." Rem. & Bal. Code, § 1125 (P. C. 81 § 1575).

The appearance of Mrs. Van Alstine in the condemnation suit was not the beginning of an action, nor is it the pursuit of a concurrent remedy. The statute was passed to meet the evils coming from an abuse of remedies by mortgagees at common law. Mortgagees might sue for the debt, or maintain ejectment, or go into equity and foreclose. They could maintain these actions severally and at the same time. The evil cured by the statute does not touch a case like the one at bar. Mrs. Van Alstine did not initiate the condemnation suit. She asked no more in that case than the statute gives, i. e., a right to set up her equity. The state can take her security, but in equity as well as under the statute, the fund paid therefor is collateral to the debt.

"Undoubtedly, the money so appropriated and set apart became collateral security for the payment of the mortgage debt, substituted in lieu of the land taken, . . . Up to this time the mortgagee had two funds for the security of his debt, the amount of the warrant and the real estate on which the mortgage remained a lien." *Boutelle v. Minneapolis City*, 59 Minn. 493, 61 N. W. 554.

In seeking equity appellant must do equity, and the case will be remanded with directions to the lower court to enter a decree directing the sale of the property in the town of Tumwater, in Thurston county, and further directing that, after the proceeds of such sale have been credited upon the judgment, the fund now in the registry of the court, or so much thereof as may be necessary, shall be applied to the extinguishment of the deficiency judgment heretofore entered in the foreclosure proceeding.

CROW, C. J., MAIN, ELLIS, and GOSE, JJ., concur.