In the Matter of the Application of MABEL JONES, for Payment of an Award, etc., in Proceedings to Open West Eleventh Street, from Bay Parkway to Canal Avenue, North, and West Twelfth Street, from Bay Parkway to Kings Highway, etc.

THE CITY OF NEW YORK, Appellant; MABEL JONES, Respondent.

Second Department, June 8, 1917.

**Eminent domain — street opening, city of New York — deduction from award for benefits received — foreclosure of mortgage subsequent to condemnation proceedings — respective rights of mortgagor, mortgagee and city.**

Where an award on a street opening in the city of New York has been made to a landowner who had previously mortgaged her premises, the city has a right to deduct from the award the amount of an assessment against the owner for the benefit to lands not taken, even though since the vesting of title in the city the mortgage has been foreclosed and a third party has become the purchaser at the sale.

The city was not a party to the foreclosure and its rights were unaffected thereby.

The award for the lands taken stands in the place of the land, and the mortgagee had only an equitable lien thereon to the extent of any deficiency on foreclosure, and where there was no deficiency the entire award belonged to the mortgagor and is subject to assessment for benefits to portions not taken.

Section 1676 of the Code of Civil Procedure relating to the payment of taxes, assessments, etc., on the foreclosure of a mortgage is solely for the benefit of the purchaser and does not affect any right or remedy of the city with respect to an assessment.

APPEAL by the City of New York from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 8th day of July, 1916, as disallows a deduction from the award of any assessment levied against the property of petitioner not taken.

*Paul Jones* [*Lamar Hardy, Corporation Counsel*, with him on the brief], for the appellant.

*Merle I. St. John*, for the respondent.

JENKS, P. J.:

Mabel Jones applies for an award for part of her land taken by the city of New York in street opening proceedings. The proceedings resulted in an award for the part taken and in an assessment for benefit to the part left.

Prior to the proceedings, Jones had mortgaged her land. Subsequent to the vesting of the part of the land taken by the city, the mortgage was foreclosed and a third party became the purchaser at the foreclosure sale. It is not clear whether, incidental to the said sale, the assessment was paid. (See Code Civ. Proc. § 1676.) It seems improbable, if it was paid, that the city would seek now to exercise the right of set off of the assessment against the award. The fact can be ascertained in this proceeding (*Matter of Mayor* [*Morris Avenue*], 118 App. Div. 122), and it should be.

If the city has the right to set off the assessment against the award, I fail to perceive how the foreclosure suit could affect that right. The city was not a party to the foreclosure, and its rights were unaffected thereby. (*Morgan* v. *Fullerton*, 9 App. Div. 233. See *Delcambre* v. *Delcambre*, 210 N. Y. 465.) The award for the land is, in the eye of the law, the land. (*Gates* v. *De La Mare*, 142 N. Y. 312.) "The paramount right of the city withdrew from the lien of the mortgages" the land condemned, and such land was transferred to the city free and discharged from such lien, and

this status came before the foreclosure sale. (*Matter of City of Rochester*, 136 N. Y. 90.) In that case the court, per FINCH, J., say: "The balance of the land only could be sold and conveyed on the foreclosure; the referee's deed could convey and did convey only that balance; and the right of the mortgagees became merely an equitable lien upon the fund in the hands of the court to the extent of any deficiency which the land sold did not pay." The award was applicable to any deficiency, but as there was none in this case the entire award belonged to the mortgagor. (*Gates* v. *De La Mare*, *supra.*) If, incidental to the foreclosure, there was payment of this assessment by the referee out of the proceeds of the foreclosure sale, it was equivalent to a payment by the said owner of the equity of redemption. (*Brehm* v. *Mayor, etc.*, 104 N. Y. 186; Wiltsie Mort. Forec. [3d ed.] § 684.) Section 1676 of the Code of Civil Procedure is solely for the benefit of the purchaser and does not affect any right or remedy of the city with respect to the assessment. (*Morgan* v. *Fullerton*, *supra.*)

I am of opinion that the city has the right to set off an assessment for benefit against an award. In *Matter of Steinway Co.* v. *Prendergast* (142 App. Div. 905) we affirmed the order upon the authority of *Matter of Bankers Investing Co.* (141 id. 591) and said: "We intend hereby to decide that the amount of the assessments without interest, should be offset against the amount which was due for award on the date when the assessments became payable." (See, too, *Matter of Fischer*, 149 App. Div. 618; *Matter of Schoonmaker* v. *Prendergast*, 171 id. 312.) In *Livingston* v. *Mayor, etc.* (8 Wend. 102), the chancellor, after discussion of the question of benefits and awards, closes with the proposition with reference to the owner: "It therefore makes no difference whether he is allowed the whole value of the property taken in the first instance, and is assessed for his portion of the damage, or whether the one sum is offset against the other in the first place, and the balance only is allowed." *Livingston* v. *Mayor of New York* (*supra*) is cited and quoted from as a precedent in this State in *Bauman* v. *Ross* (167 U. S. 577–588). In *Eldridge* v. *City of Binghamton* (120 N. Y. 313) the court, per VANN, J., say: "The weight of authority seems to be in

favor of the proposition that where land is so taken by the State, or by one of its political divisions pursuant to its authority, for public use, the benefits may be set off not only against the damages to the remainder, but also against the value of the part taken. (*Livingston* v. *Mayor, etc.*, 8 Wend. 85; *Rexford* v. *Knight*, 11 N. Y. 308; *Granger* v. *City of Syracuse*, 38 How. Pr. 308; *Genet* v. *City of Brooklyn*, 99 N. Y. 296; *Betts* v. *City of Williamsburgh*, 15 Barb. 255; *Birdsall* v. *Cary*, 66 How. Pr. 358.) " (See, too, *Bohm* v. *M. E. R. Co.*, 129 N. Y. 586.) If the city set off the assessment against the award, it does so in effect against the land of Jones, for the award is the land. The procedure is, so to speak, not *in personam*, but *in rem*.

I advise that the order be reversed, but without costs, and the matter be remitted to the official referee to determine whether or not the assessment has been paid, and for such other determination as may be proper.

THOMAS, STAPLETON and PUTNAM, JJ., concurred.

Order reversed, without costs, and matter remitted to the official referee to determine whether or not the assessment has been paid, and for such other determination as may be proper.