Thomas F. Leahy and Nellie F. Leahy, His Wife, Charles J. Leahy and Louise J. Leahy, His Wife, Annie Wood, Lillian V. Cregan and Catherine Harrington, Plaintiffs, *v.* Josephine V. Leahy, Harold S. Leahy, Belle Leahy, Wappinger Savings Bank and John Archibald Murray, Defendants.

(Supreme Court, Kings Special Term for Motions, August, 1921.)

Partition — referee's report must be under oath — the proceeds of sale of one piece of property cannot be used to pay taxes on another parcel — where parcels can be sold only for a nominal sum the interlocutory judgment will be amended directing their sale subject to unpaid taxes and assessments or eliminating them from the complaint — Code Civ. Pro. § 1576.

A referee's report of sale in a partition action may not be confirmed unless it is under oath as required by section 1576 of the Code of Civil Procedure.

Where under the interlocutory judgment in a partition action and the terms of sale, the purchaser will be entitled to the properties — six pieces — free of all taxes, and it is proposed to pay from the proceeds of the sale of four parcels the unpaid taxes against the other two parcels, each of which was sold for a nominal sum, a motion to confirm the referee's report of sale will be denied with leave to renew, as to grant the motion would be to make a present to the purchasers at the expense of infants and other parties in interest.

The interlocutory judgment containing no other direction than that all taxes which are liens upon the properties sold must be paid out of the proceeds of sale, a motion by the guardian *ad litem* of infant defendants to amend the judgment so that the two parcels in question may be resold subject to unpaid taxes and assessments, or that they be eliminated from the complaint, is proper.

MOTION to confirm referee's report.

Charles A. Terry, for motion.

Alexander C. Webber, guardian *ad litem,* opposed.

CROPSEY, J.  A motion to confirm a referee's report of sale in a partition action and for final judgment is opposed by the guardian *ad litem* representing infants who are interested.  In any event, the report cannot be confirmed because it is not under oath.  Code Civ. Pro. § 1576.  But there are other matters which should also be now considered.  The action involved six pieces of property, two in Westchester county and four in Bronx county.  Four of the parcels sold for substantial amounts.  But one parcel in Westchester and one parcel in the Bronx sold for nominal amounts, namely, for $100 and $200, respectively.  The amount of unpaid taxes against the parcel which sold for $100 is about $500, and the amount of unpaid taxes against the parcel which sold for $200 is about $2,000.  Under the provisions of the interlocutory judgment and the terms of sale the purchasers would be entitled to the properties free of all taxes.  If this report is confirmed it is proposed to pay the unpaid taxes against these two parcels out of the proceeds of the sales of the other parcels.  In other words, about $2,200 would be thus paid out of the proceeds of the sale of the other four parcels for taxes which did not affect any of them but which were unpaid on these two parcels.

I think such a result should not be permitted. To do so would be to make a present to the purchasers of the two parcels at the expense of the infants and others interested. I think that such a result is not required. Section 1676 of the Civil Code provides that all taxes which are liens upon the property sold must be paid out of the proceeds of sale unless the judgment otherwise directs. And the interlocutory judgment entered herein does not contain any other direction. But I think an application may properly be made by the guardian *ad litem* to have that judgment amended so that the two parcels in question may be resold subject to unpaid taxes and assessments, or, if that be deemed to be impracticable and thus involve additional expense with no probability of a sale being effected upon those terms, that the two parcels be eliminated from the complaint.

It is true that rule 65 of the General Rules of Practice provides that where several parcels of land are owned in common by the same persons no separate action for the partition of any part shall be maintained without the consent of all the interested parties or without the order of the court, and where infants are interested the complaint shall state whether or not the parties own any other lands in common. This rule, however, did not take away an owner's right to maintain partition of only one of several parcels owned in common. Its purpose was to guard against the annoyance and expense of unnecessary actions. And if the rule be not complied with the party violating it may, in the discretion of the court, be charged with the expenses of the action. *Pritchard* v. *Dratt*, 32 Hun, 417.

No provision is to be found in the Civil Code other than that in section 1676, indicating that the proceeds of sale where several parcels are involved are to be

treated in bulk and as though but one parcel had been sold rather than separately in respect to each parcel involved. In fact, the latter course is at least suggested by the provisions of section 1576 requiring "a description of each parcel sold, the name of the purchaser thereof and the price at which it was sold." Again where it was intended to deal with the gross or entire proceeds of sale as in the case of an allowance for dower under section 1568 the language used is " the proceeds of the sale of the whole property." The purpose of the provisions of section 1676 is not the collection of taxes, but only the protection of the purchaser from the lien of them. *Matter of Jones,* 178 App. Div. 654, 656. And under the language of that section the court has the power to direct that the property be sold subject to the unpaid taxes. *Morgan* v. *Fullerton,* 9 App. Div. 233, 235. Having that right, it may exercise it as to all the parcels involved, or as to one or more of them.

Courts of equity have a control over sales made under their decrees which is not governed by legal rules. The court's discretion may be exercised in the interest of justice and upon grounds which would be insufficient to confer upon any party an absolute legal right to a resale. *Fisher* v. *Hersey,* 78 N. Y. 387; *Willetts* v. *Whitson,* 69 Misc. Rep. 229; *Mullins* v. *Franz,* 162 App. Div. 316. That supervision and control should be exercised here. If an application to amend the judgment is made and granted, of course the purchasers of the parcels in question will receive back their deposits. The motion to confirm the report of sale is denied, with leave to renew upon a proper report.

Motion denied.