HENRY E. KRAMMER, Appellant, v. MINEOLA PLUMBING SUPPLY Co., INC., Respondent.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Tompkins and Davis, JJ.; Scudder, J., not voting.

THERESA LEONE, as Administratrix, etc., of VINCENT LEONE, Deceased, Respondent, v. ANTHONY TRICARICO, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

FRANK MARTELLO and Others, Respondents, v. RICHMOND RAILWAYS, INC., Appellant.*— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

McCONIHE REALTY COMPANY, Appellant, v. HENRY SCHARNBERGER, INC., Respondent, Impleaded with Others, Defendants.— Order denying plaintiff's motion to permit it to have a credit of the amount due it against any bid it might make on the foreclosure sale, and to permit the property to be sold subject to taxes and assessments, reversed on the law and the facts, without costs, and the motion granted. The only equities which may properly be considered as of the date this application was made were those that concerned the parties to the action. (Morgan v. Fullerton, 9 App. Div. 233.) The provisions of section 1087 of the Civil Practice Act, as it then stood, were intended solely for the benefit of the purchaser and not for that of the municipality by whom the taxes may be imposed. Here the mortgagor consented to the proposed provisions, and the equities shown by the plaintiff in respect to its lack of funds required the Special Term, in the exercise of sound discretion, to accord to the plaintiff the benefit of the provisions sought. The added statutory coercive provisions for the benefit of the municipality have no application here, since they were not in effect at the time the application was made and may not be put in effect in advance of the time fixed by the Legislature. This new statute, chapter 741, Laws of 1933,† however, in any event, does not justify denying plaintiff the benefit of a credit of the amount of the debt due it as against its bid, in view of the credit thus sought being designed to be exclusive of the referee's fees and costs of the sale, which, of course, would have to be paid in cash. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.