[No. 26156. Department One. March 26, 1937.]

SEATTLE SAVINGS & LOAN ASSOCIATION, *Appellant,* v. KING COUNTY, *Respondent.*[1]

[1]Reported in 65 P. (2d) 1274.

564

*Palmer, Askren & Brethorst* (*B. E. Lutterman,* of counsel), for appellant.

*B. Gray Warner* and *Patrick M. Tammany,* for respondent.

MILLARD, J.—On July 26, 1928, the Seattle Savings and Loan Association, a domestic corporation, made a loan of ten thousand dollars to J. E. Forehand and took, as security for the payment of the loan, a mortgage, which was duly placed of record, on two hundred and eighty-eight acres of dairy farm land, near Falls City.

In May, 1929, King county instituted condemnation proceedings against J. E. Forehand, the Seattle Savings and Loan Association, and others, to acquire a right of way, part of which extended through the property on which the loan association held the mortgage. The loan association entered an appearance on June 12, 1929, in the condemnation proceeding. Eight days later, and while the mortgage was in full force and effect, Forehand, without the consent or knowledge of the mortgagee loan association, quitclaimed to King county, for a consideration of sixteen hundred dollars, no part of which was paid to the mortgagee, a right of way containing 4.33 acres of land across the mortgaged property.

While the condemnation proceeding came on for trial, no proceedings were had for the condemnation of a right of way across the mortgaged property, the prosecuting attorney of the county being satisfied to rely upon the quitclaim deed received from Forehand. The interest of the mortgagee loan association was not condemned, nor was the mortgagee compensated for the taking of the land and the damage to the re-

mainder. During the latter part of 1929 and the fore-part of 1930, King county constructed a gravel road upon the property covered by the quitclaim deed from Forehand, which road has been used by the public continuously since that time.

On May 2, 1932, the mortgagee loan association instituted a foreclosure action against the mortgagor Forehand, and King county was made a defendant in that action. In its answer, King county alleged that its right to the land quitclaimed to it by Forehand was superior to the lien of the loan association.

The court held, in the trial of that action, that the mortgage of the loan association was superior and paramount to the claim of King county, and entered a decree February 10, 1933, foreclosing all the property, including that portion in use by King county as a road, and directed the sheriff to sell all the property, including the road. On March 18, 1933, all of the land was sold by the sheriff of King county to the mortgagee loan association for $9,058.40, or for one thousand dollars less than the amount of the judgment against Forehand. The sale was confirmed by the court, and, on March 20, 1934, the property not having been redeemed from the sale, a sheriff's deed to all of the property covered by the mortgage, including the road in use by King county, was issued to the mortgagee loan association, which was the purchaser at the foreclosure sale.

The construction of the highway by the county deflected the overflow of waters from the Snoqualmie river from their customary pathway and turned or cast those waters back upon the mortgaged property. As a result of this change of course, there was a scouring out of valuable bottom land, and the waters also destroyed three milk houses and undermined the foundation of the barn. The highway built by the

county diagonally crossed the mortgaged property, severing the farm into two tracts, one of approximately one hundred and sixty acres, and the other of one hundred and twenty-three to one hundred and twenty-five acres.

By virtue of its title under the sheriff's deed and of its prior mortgage lien interest, the loan association, its claim therefor being rejected by King county, commenced an action against the county for $11,000 to compensate it for the value of the land acquired by the county from Forehand for highway purposes and for the damage to the remainder of the land acquired by the loan association under its mortgage, by its severance into two tracts and the manner in which the highway was constructed.

The cause was tried to the court, which adopted the theory of defendant's second affirmative defense, that the plaintiff was only entitled to recover to the extent that it could show impairment of its mortgage security. The trial court found that the plaintiff was entitled to a recovery in the amount of one thousand dollars, and entered judgment accordingly. From that judgment, the plaintiff has appealed.

Appellant contends that it is entitled to recover in the amount of $4,033 against the respondent, and that its recovery is not limited to the amount of impairment of its mortgage security.

What is the measure of damages where, under color of title, a county takes for, and dedicates to, road purposes, land encumbered by a mortgage without first compensating the mortgagee who subsequently, through foreclosure proceedings, acquires title and thereafter seeks compensation from the county for the land taken? That is the only question presented by this appeal.

We cannot agree with appellant that it stands as

an owner whose land has been taken or invaded without just compensation having first been paid. The weakness of this position is that, at the time the land was taken, the owner (Forehand) of the land was paid just compensation. The appellant at that time had no title whatsoever. All it had was merely a lien.

"It has become the well settled law of this state that a mortgage, unlike a mortgage at common law, does not vest title in the mortgagee, but only creates a lien upon the land in favor of the mortgagee as against the interest of the mortgagor; and that a fore-closure sale of the land looking to the satisfaction of the mortgage debt creates no greater interest in the land in the purchaser at such sale, during the period allowed by statute within which the mortgagor may redeem. In other words, the mortgagor is not, by such sale, divested of his title to the land prior to the expiration of the redemption period, and can even then be divested of his title only upon his failure to redeem during that period." *Cochran v. Cochran,* 114 Wash. 499, 195 Pac. 224, 198 Pac. 270.

The appellant did not become the owner of the land until March, 1934, when the sheriff's deed was issued to it. This was approximately four years subsequent to the time when the county took, for public use, a part of the mortgaged land. There was no destruction of appellant's lien by the quitclaim deed from Forehand to the respondent. The only interest of the appellant at that time, and the only interest it has at the present time, is to be measured by the extent of the impairment of appellant's lien security. If the purchase price, which was paid to the mortgagor, had been paid into court, either before or after the fore-closure sale, the appellant's claim to that purchase money would amount to no more than the extent of the impairment of the mortgage security, if the claim was prior to foreclosure sale, or the amount of the deficiency judgment, if the claim was subsequent to

the foreclosure sale. See *Commercial Nat. Bank v. Johnson,* 16 Wash. 536, 48 Pac. 267; *Gray v. Davison,* 78 Wash. 482, 139 Pac. 219.

*In re Seattle,* 26 Wash. 602, 67 Pac. 250, was a case where, as in the case at bar, mortgaged property was, without prior compensation, taken for public use before foreclosure sale. We there held that, where damages, occasioned by the grading of a street, have been awarded in favor of mortgaged premises prior to the foreclosure of the mortgage thereon, the mortgagee is not entitled to such award when there is nothing in the decree of foreclosure giving it to him and the mortgaged premises have, on foreclosure sale, · brought the full amount of the mortgage indebtedness, thus satisfying his claim against the property of his debtor. We said:

"By reference to the dates above given, it will be seen that the work done upon the street which caused the injury to the lot, was done prior to the time of the sale under the foreclosure decree, and at a time when the appellants were the owners of the lot and the respondent was the holder of a mortgage lien thereon. The respondent's right, therefore, to the award depends upon what answer is given to the question, did the right to collect the award pass to the purchaser at the mortgage sale? We can conceive of no reason why it should be held to have so passed. The proceedings brought to foreclose the mortgage, so far as the record discloses, were the ordinary proceedings followed in the usual course of practice; that is to say, a money judgment was entered against the parties obligated to pay the debt, followed by a decree directing that the mortgaged property be sold to satisfy the amount due. So far as it appears, no reference to the award was made in the decree. It was neither directed to be sold, nor was the amount thereof deducted from the amount of the debt. The property was sold at public auction to the highest and best bidder, after notice given, which described the lot as it was described in the mortgage, making no reference

to any right of damages passing with the property. It has been uniformly held that the right to damages for an injury to property is a personal right belonging to the owners of the property, which will not pass by deed unless expressly conveyed. *McFadden v. Johnson,* 72 Pa. St. 335 (13 Am. Rep. 681); *Losch's Appeal,* 109 Pa. St. 72; *King v. Mayor, etc., of New York,* 102 N. Y. 171 (6 N. E. 395); *Porter v. Metropolitan Elevated Ry. Co.,* 120 N. Y. 284 (24 N. E. 454); *Chicago & E. I. R. R. Co. v. Loeb,* 118 Ill. 203 (8 N. E. 460, 59 Am. Rep. 341); *Milwaukee & Northern R. R. Co. v. Strange,* 63 Wis. 178 (23 N. W. 432). On like principles it will not pass by a sale under a decree of foreclosure unless expressly so ordered and directed by the decree. Undoubtedly, had there been a deficiency remaining after the mortgage sale, the respondent would have been entitled to this award up to the amount of such deficiency. But his right against the mortgagors was the right only to have the mortgage debt paid in full, and where this was paid by a sale of the mortgaged premises in their damaged condition, all his claims against the property of the debtors were satisfied. The right to collect these damages was the appellants' property, their personal right, subject to the payment of the mortgage debt so long as it existed, becoming absolute after the debt was satisfied.''

In *In re Twelfth Avenue South,* 74 Wash. 132, 132 Pac. 868, Ann. Cas. 1915A, 730, we said:

''Our holding in *In re Seattle,* 26 Wash. 602, 67 Pac. 250, does not militate against the views here expressed. In that case the damage had actually been done by a physical change of the street grade before the title passed to the mortgagee by foreclosure and sale. He purchased the land in its damaged condition for the full mortgage debt. His claim was thus satisfied in full. He, therefore, had no right to compensation for damage to the property which had been actually accomplished before he acquired it. The fact that the condemnation to assess this damage which had already accrued, and compensation for which had already become a vested right, was completed subsequent to the

foreclosure sale, did not divest the mortgagor's personal claim which had attached and become a mature obligation against the city prior to that sale. The right to the damages having already accrued as a personal right could not pass as appurtenant to the land, but only by an assignment."

See, also, *Planters' Bank v. Lummus Cotton Gin Co.*, 132 S. C. 16, 128 S. E. 876, 41 A. L. R. 592, in which it is held that the measure of damages for impairment of the value of a mortgage security is the diminution in value of the security, not exceeding the amount remaining due the mortgagee after foreclosure of the mortgage.

Under our statute, reading as follows, the mortgage is only a lien upon the property to secure payment of the mortgage debt:

"A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law." Rem. Rev. Stat., § 804 [P. C. § 7530].

See *Western Loan & Building Co. v. Mifflin*, 162 Wash. 33, 297 Pac. 743; *State ex rel. Gwinn, Inc. v. Superior Court*, 170 Wash. 463, 16 P. (2d) 831, 19 P. (2d) 1119, 87 A. L. R. 620.

Inasmuch as the appellant mortgagee had no title, but only a lien, its recovery was properly limited to the amount of the impairment of its mortgage security. See Jones on Mortgages (8th ed.), § 859.

The judgment is affirmed.

STEINERT, C. J., MAIN, BLAKE, and GERAGHTY, JJ., concur.