In the Matter of the Application of The City of New York, Respondent, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Purpose of Establishing Thereon a Public Beach to All Land and Land under Water Not Heretofore Acquired by the City of New York for

Park Purposes Extending from Jacob Riis Park to the Westerly Line of Beach Second Street, Far Rockaway, in the Borough of Queens, City of New York, Laid Out as a Public Beach upon the Map or Plan, City of New York, by Resolution and Adopted by the Board of Estimate and Apportionment of the City of New York February 29, 1924, and May 20, 1926. NEPONSIT PROPERTY OWNERS' ASSOCIATION, INC., Appellant.— Appeal from that part of the last partial and separate final decree in a condemnation proceeding which awards six cents to an unknown owner as damages for premises designated as parcel No. 2, and which " expressly or by implication " adjudges that the owner of said damage parcel is unknown. Decree affirmed, with costs. No opinion. Lazansky, P. J., Hagarty and Scudder, JJ., concur; Tompkins and Davis, JJ., dissent, with the following memorandum: The appellant's property (damage parcel No. 2) is not " burdened with easements in favor of the City," as stated in the opinion at Special Term. There was no dedication to, or acceptance by the city. The ownership of both damage parcel No. 2 and of the abutting and contiguous lands is in the appellant. This was not disputed by the city and damage parcel No. 2 has been maintained as a private beach restricted to the use of the members of the appellant, who are owners of lots at Neponsit Beach and who have private easements over damage parcel No. 2 by virtue of the conveyances to the appellant and its club members and their predecessors in title. The taking by the city deprives the appellant and its members of the enjoyment of their easements and of the exclusive use of the beach with the structures that they have erected thereon for the protection of their privacy in the use of said beach and opens up the same to the free and unrestricted use of the public, and as a result thereof, the appellant and its members have suffered very substantial damage. That part of the decree appealed from should be reversed and the matter remitted to the Special Term for an award of substantial damages to the appellant for itself and as trustee for its members, or such award should be made to unknown owners; the rights of the several owners of lots who have private easements in said damage parcel No. 2 to be determined upon applications for the payment of the award or awards made to unknown owners.