In the Matter of the Application of THE CITY OF NEW YORK
Relative to Acquiring Title Wherever the Same Has Not Been
Heretofore Acquired for the Purpose of Establishing Thereon
a Public Beach to All Land and Land under Water Not Here-
tofore Acquired by The City of New York for Park Purposes
Extending from Jacob Riis Park to the Westerly Line of Beach
2nd Street, Far Rockaway, in the Borough of Queens, City of
New York, Laid Out as a Public Beach upon the Map or Plan,
City of New York, by Resolution and Adopted by the Board
of Estimate and Apportionment of the City of New York
February 29, 1924, May 20, 1926, and June 3, 1926.

RIVERHEAD SAVINGS BANK, Appellant; NEPONSIT PROPERTY
OWNERS' ASSOCIATION, INC., Petitioner, Respondent.

Second Department, January 22, 1940.

*Sidney S. Hein*, for the appellant.

*Ralph S. Hein*, for the respondent.

PER CURIAM. The Neponsit Property Owners' Association, Inc. (hereinafter called the association) is a membership corporation formed by the developer of the community known as Neponsit. The appellant bank owns certain real property in the development. By reason of such ownership it is a member of the association. The development consists of 1,663 lots divided among 500 to 600 separate ownerships. The beach front for which the award was made was conveyed by the developer to the association. Each lot owner became a member of the association by reason of easement rights granted to him affecting such beach front. Annual charges at the rate of four dollars — at some periods two dollars — per annum per lot were duly and lawfully made to the members by the association.

Herein, in October, 1935, title to the beach front (Damage Parcel No. 2) became vested in the city. Thereafter by a final

decree duly made at Special Term an award for damages was made to unknown owners for the taking of rights in that damage parcel. Subsequently this court, on April 25, 1935, affirmed that decree so far as appealed from. (*Matter of City of New York* [*Public Beach*], 244 App. Div. 752.) The Court of Appeals, on November 19, 1935, reversed that determination, held that the award of nominal damages to unknown owners was erroneous; that the association, which the proof showed owned the fee, was entitled to the value of the right of its members to use the land for a private bathing beach; that such right was a substantial one for which substantial compensation must be made; that the easements in the beach of the lot owners in the development had become merged in their membership rights in the association; that under such circumstances the ownership of the fee and the right of beneficial enjoyment were not severed, and that for all practical purposes both were vested in the association whose damage for the taking of the land was the value of its use by the association for the benefit of those holding membership rights therein. (*Matter of City of New York* [*Public Beach*], 269 N. Y. 64.) The Court of Appeals, in effect, directed that the proceeding should be remitted to the Special Term for the granting of such substantial damages to the association for the benefit of and to be divided among its members " in proportion to the size of their property, and the annual charges imposed upon the property by the grants through which the property was transferred." (Id. at p. 75.)

Thereafter and subsequent to the passage of several legislative enabling acts, the Special Term, in March, 1937, granted to the association $50,000 damages as an award for the taking of the easement rights and fee, which award and interest, as above, amount to $88,162.80.

Thereafter, in 1938, a special assessment for the improvement in the sum of $18,551.74 was levied by the city and was apportioned against the several lots in the development.

Under the terms of the highest court's determination (*supra*), the association manifestly holds the award and interest in trust for its members, lot owners, in accordance with their rights as thus judicially declared. Upon plain principles, therefore, payable therefrom before distribution are those charges legally and equitably payable. These include the aforesaid assessment, reasonable fees of attorneys for services rendered resulting in the award, and other disbursements, as well as the annual charges which may be due from lot owners to the association, which last mentioned should be deducted from the respective shares in the net award of lot owners delinquent in the payment of those charges.

In the present proceeding the association, thus trustee, applied to the Special Term for the distribution of the award among those entitled thereto. It alleged that from the award and interest, $88,162.80, it had paid $16,683.43 for attorneys' fees and other expenses involved in the procurement of the award. The association suggested that serious legal questions relating to the method of distribution of the fund existed and prayed that an order be entered directing such distribution after a hearing upon such notice to all of the association's members as the court might prescribe. The court thereupon duly prescribed the method, the notice was duly given and after a hearing the order appealed from was entered. In effect it provides that the association pay to itself from the fund $16,683.43, theretofore paid by it for such attorneys' fees and expenses; that it reserve $1,500 more for the payment of attorneys' fees in connection with the distribution of the award in accordance with the provisions of the order, and that any balance remaining in its hands out of the said reserve fund after full and final distribution in accordance with the provisions of the order should be distributed to the property owners in Neponsit " in the same manner as hereinafter provided." It then provided as follows:

" Ordered that Neponsit Property Owners' Association, Inc. be and it hereby is authorized to deduct from said award the sum of $18,551.74 the amount of the assessment heretofore levied by the City of New York upon Neponsit property in connection with the supplemental amended and additional final decree herein, or whatever sum is found to be the actual amount of such assessment against Neponsit property, and after making such deduction it shall pay to each property owner in Neponsit therefrom the amount of the said assessment actually paid by such property owner according to the records maintained by the City of New York without interest, and in the event such assessment has not been paid by a property owner then it shall pay the same to the City of New York and any interest or penalty due thereon to the extent of any funds to the credit of such property owner that it has remaining in its hands; and it is further

" Ordered that after making the deductions from the said award as aforesaid, Neponsit Property Owners' Association, Inc. be and it hereby is authorized to pay over the balance then remaining in its hands to the record property owners in Neponsit, Long Island, as of the date of entry of this order, equally among said property owners in proportion to the number of lots owned by them as of the date of the entry of this order; that in making the division as aforesaid, Neponsit Property Owners' Association, Inc., is authorized to exclude all lots now owned by the City of New York, in

Neponsit, Long Island; that said Neponsit Property Owners' Association, Inc., is hereby authorized to accept as proof of ownership as of the date of entry of this order the official certificate of the Register of the County of Queens certifying to the ownership as of such date; and it is further

" Ordered that prior to making payment and distribution to the property owners as in the preceding paragraph provided, Neponsit Property Owners' Association, Inc., shall pay to the City of New York unpaid taxes, assessments and water rates due from any property owner to the extent of any sums which it may have to the credit of any such property owner for distribution as hereinbefore provided; and it is further

" Ordered that if after paying unpaid taxes, assessments and water rates to the City of New York as hereinabove provided there remains in the hands of Neponsit Property Owners' Association, Inc., any sum to the credit of any property in Neponsit and it appears that there are unpaid Neponsit lot charges due and owing upon such property, then Neponsit Property Owners' Association, Inc., is authorized to pay to itself the amount of such unpaid lot charges and interest thereon to the extent that it has funds in its hands out of which to pay the same; and it is further

" Ordered that Neponsit Property Owners' Association, Inc., after paying unpaid taxes, assessments and water rates and unpaid Neponsit lot charges as hereinbefore provided be and it hereby is authorized to pay over to the property owners in Neponsit the net proceeds of the award herein in accordance with the terms hereof."

Appellant contends (1) that the Special Term had no jurisdiction to pass upon the petition or make the order appealed from; (2) that the court had no power to approve the attorneys' fees and disbursements; (3) that the same were grossly excessive and should be reduced; (4) that the court below had no power to distribute as ordered; (5) that in any event the award should have been distributed equally; (6) that to distribute as ordered was to impair appellant's vested contract rights in the award; and (7) that the cost of this (distribution) proceeding should not have been taken out of the award. Clauses 1, 2, 4, 6 and 7 of these contentions challenge the jurisdiction of the Special Term (condemnation court) to direct distribution; clauses 3 and 5, however, presuppose jurisdiction to fix attorneys' fees and disbursements and to direct distribution.

As to the claimed want of jurisdiction, we are of opinion that the Special Term had plenary power, after a hearing, to direct the distribution of the award, less proper deductions therefrom, among

the members entitled thereto in accordance with their respective rights therein as declared by the highest court. This follows from the fact that the association is holding the award as trustee for its members, the lot owners. Neither that trustee nor the beneficiaries need resort to an action in equity in order to accomplish lawful distribution of the trust corpus. To order this, after proper notice and hearing, the condemnation court has ample jurisdiction which should be and was exercised. The amount of the net distribution to the owner of each lot will be about thirty dollars.

In relation to attorneys' fees and disbursements, the court below, upon plain equitable principles, was empowered to order their payment in a reasonable amount from the award in effect created by the services of the attorneys. The appellant for the first time, upon this appeal, challenges the reasonableness of the amount thereof. It may not be heard to do so; because, as appears from the minutes of the Special Term hearing, to which we have resorted, the objection of excessiveness was not raised there by the appellant or any other party. Hence the objection has been waived. Upon the same principle the Special Term was justified in directing the reservation of $1,500 for further attorneys' fees, in accordance with the provisions of the order.

As to the payment of the assessment ($18,551.74) from the award, in our opinion the same was proper. (*Vide Matter of Jones,* 178 App. Div. 654.) The Court of Appeals treated the association as trustee for its lot owner members, and suggested that their situation is the same as if they had jointly taken title to the fee of the land in which they had a common right of enjoyment. By parity of reasoning the association should pay the assessment without regard to the amount thereof apportioned by the city against a given lot.

As to the direction in the order appealed from in effect that the association pay over the balance in its hands to the property owners as of the date of its entry equally in proportion to the number of lots owned, the same, we think, is in accordance with the opinion of the Court of Appeals defining their rights as members of the association.

The order distributing the award meets the requirements of a situation described by the highest court as novel. It is correct in all respects and should be affirmed, without costs.

LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ., concur.

Order directing manner of distribution of an award affirmed, without costs.